

**PALMER ★ LEHMAN ★ SANDBERG**

A Texas Law Firm

**Board Certified in Civil Appellate Law**  **Member of the Bar, Texas and Florida**
By the Texas Board of Legal Specialization  JSandberg@pamlaw.com

February 13, 2023

**VIA E-FILING**
Catherine O'Hagan Wolfe, Clerk of the Court
United States Court of Appeals for the Second Circuit Court
Thurgood Marshall Courthouse
40 Foley Square
New York NY 10007

  Re: Appeal Nos.: 21-2690, 21-2691
     Issues raised during oral argument pursuant to Rule 28(j)

Dear Ms. Wolfe:

Rule 60(b)(4) has no time-limit or any type of "diligence" (strictly 60(b)(2)) or "reasonableness" standard in determining whether a judgment is "void." As recently as 2021, this Court wrote "'[a] motion to vacate a default judgment as void' under Rule 60(b)(4), however, usually 'may be made at any time.'" *Gater Assets Ltd. v. Moldovagaz*, 2 F.4th 42, 53 (2d Cir. 2021) (quoting *Grace v. Bank Leumi Tr. Co. of N.Y.*, 443 F.3d 180, 190 (2d Cir. 2006). A month ago, the D.C. Circuit recognized "binding precedent that Rule 60(b)(4) motions are not governed by a reasonable time restriction . . . [thus] the Court will not consider [] delay in raising this issue in its Rule 60(b)(4) analysis." *HomeVestors of Am., Inc. v. Toliver*, 2023 WL 183667, at *3 n.1 (D.D.C. Jan. 13, 2023).

Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied . . . Rule 4 requires that a summons, which is valid only when it is signed by the district court clerk and bears the court's seal, be served with a copy of the complaint. Service on an individual defendant must be accomplished by (1) following state law in the state where the district court is located, (2) personally delivering a copy of the summons and complaint to the defendant, (3) leaving a copy of the summons and complaint at the defendant's residence with another resident, or (4) delivering a copy to an agent authorized by appointment or law to receive service of process. [UNIVERSITAS] did not serve the defendants pursuant to these methods . . . [t]herefore, the district court properly dismissed the complaint. *Black v. Vitello*, 841 F. App'x 334, 335–36 (2d Cir. 2021).

Palmer Lehman Sandberg, PLLC

Campbell Centre I ★ 8350 N. Central Expressway, Suite 1111 ★ Dallas, Texas 75206 ★ P: (214) 242-6444 ★ F: (214) 265-1950 ★ www.pamlaw.com

Catherine O'Hagan Wolfe, Clerk of the Court
United States Court of Appeals for the Second Circuit Court
*Appeal Nos.: 21-2690, 21-2691*
February 13, 2023
Page 2 of 2

Further, the District Court clearly lacked general and specific jurisdiction over the Appellants by the standards explained in detail by this Court in *Siasia v. FIFA,* No. 22-72, 2022 U.S. App. LEXIS 36512, *1 (2d Cir. Jan. 26, 2022) which is attached.

Therefore, the Appellants respectfully ask this Court to vacate the Judgment below.

        Sincerely,

        /s/ Jeffrey R. Sandberg
        Jeffrey R. Sandberg
        Direct: (214) 242-6454
        jsandberg@pamlaw.com

JRS

Cc w/enclosure:  All counsel of record (via electronic filing)

I:\14184\Appeal (21-2691 SDNY Case)\Clerk - 2nd Cir Court of Appeals.Letter Brief.230213..doc

Palmer Lehman Sandberg, PLLC

Campbell Centre I ★ 8350 N. Central Expressway, Suite 1111 ★ Dallas, Texas 75206 ★ P: (214) 242-6444 ★ F: (214) 265-1950 ★ www.pamlaw.com

22-72
Siasia v. Fédération Internationale de Football Association

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of January, two thousand twenty-two.

**PRESENT:**
    GUIDO CALABRESI
    MYRNA PÉREZ,
    ALISON J. NATHAN,
        *Circuit Judges.*

---

Samson Siasia,

    *Plaintiff-Appellant*,

    v.                             No. 22-72

Fédération Internationale de Football Association,

    *Defendant-Appellee.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | NITOR V. EGBARIN, Law Office of Nitor V. Egbarin, LLC, Hartford, CT. |
| **FOR DEFENDANT-APPELLEE:** | DAVID P. FRIEDMAN, H. Christopher Boehning, Daniel H. Levi, Ethan C. Stern, Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY. |

Appeal from an order of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court entered on December 29, 2021 is **AFFIRMED**.

This case asks us to decide whether the district court properly dismissed Appellant Siasia's Complaint for lack of personal jurisdiction over Appellee Fédération Internationale de Football Association ("FIFA"), a Swiss entity. *See Siasia v. Fédération Internationale de Football Association*, No. 21 Civ. 6516 (AKH), 2021 WL 5042974, at *4 (S.D.N.Y. Oct. 29, 2021). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, which we reference only as necessary to explain our decision.

## I. Standard of Review

"The standard of review applicable to district court decisions regarding personal jurisdiction is clear error for factual findings and de novo for legal conclusions." *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.*, 241 F.3d 135, 151 (2d Cir. 2001). "On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *Metro. Life Ins. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996).

## II. Discussion

There are two types of personal jurisdiction that a court may exercise over a party: general jurisdiction and specific jurisdiction. A court "may assert [general] jurisdiction over a foreign corporation 'to hear any and all claims against [it]' only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive as to render [it] essentially at home in the forum State.'" *Daimler AG v. Bauman* ("*Daimler*"), 571 U.S. 117, 122 (2014) (quoting

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "[F]or a court to exercise specific jurisdiction over a claim there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 137 S. Ct. 1773, 1781 (2017) (internal quotation marks and citation omitted; alteration in original).

The record does not support finding that Siasia made a prima facie showing of personal jurisdiction under either theory. Siasia's support for general jurisdiction relies on generalized claims and poorly supported speculations of future activity that plainly do not suffice to render FIFA "essentially at home" in New York. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011); *see, e.g.*, *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627–30 (2d Cir. 2016). On appeal, Siasia argued that the court should find general jurisdiction over FIFA in New York because the United States Soccer Federation ("U.S. Soccer"), one of FIFA's member associations, is incorporated in New York and has its principal place of business in Chicago. But counsel explicitly conceded that this theory was never presented to the district court. Oral Argument at 25:00–26:10. Accordingly, even though U.S. Soccer is incorporated in New York, we find the record too undeveloped to support a distinction from *Daimler*, where the Supreme Court rejected a theory of general jurisdiction over a corporate defendant based on an argument that the defendant's subsidiary—which was not incorporated and did not have its principal place of business in California—was at home in the forum. 571 U.S. at 136–42; *see also Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 332 (2d Cir. 2016) ("*Daimler*'s reasoning was based on an analogy to general jurisdiction over individuals, and there is no reason to invent a different test for general personal jurisdiction depending on whether the defendant is an individual, a corporation, or another entity."). As to specific jurisdiction, the sole allegation concerning the

events underlying this lawsuit that connects it to New York is that FIFA banned Siasia from using a coaching license he had been issued by U.S. Soccer. Siasia supports this claim only with conclusory statements labeling the coaching license a "New York license" and claiming that U.S. Soccer is FIFA's "New York agent." This record is insufficient to find that FIFA purposefully availed itself of New York in connection with Siasia's claims. *See Bristol-Myers Squibb*, 137 S. Ct. at 1781 ("For specific jurisdiction, a defendant's general connections with the forum are not enough.").

This Court therefore finds the existing record insufficient to meet Siasia's burden for personal jurisdiction.

Given this deficiency, we need not consider the parties' arguments regarding subject matter jurisdiction and failure to state a claim.[1]

For the foregoing reasons, we **AFFIRM** the district court's December 29, 2021 order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[T]here is no mandatory sequencing of jurisdictional issues." (internal quotation marks and citation omitted)).