No. 21-2690(L), 21-2691(CON)

# In the United States Court of Appeals for the Second Circuit

---

UNIVERSITAS EDUCATION, LLC,
PETITIONER/APPELLEE,

vs.

GRIST MILL CAPITAL ET AL,
RESPONDENT/APPELLANT,

NOVA GROUP, INC, AS TRUSTEE, SPONSOR AND NAMED FIDUCIARY OF THE CHARTER OAK TRUST WELFARE BENEFIT PLAN, GRIST MILL TRUST WELFARE BENEFIT PLAN, AVON CAPITAL LLC, CHARTER OAK TRUST WELFARE BENEFIT PLAN, PHOENIX CAPITAL MANAGEMENT, LLC, HANOVER TRUST COMPANY, CARPENTER FINANCIAL GROUP, INC.,
RESPONDENTS,

---

**RESPONSE BY GRIST MILL CAPITAL, LLC, DANIEL CARPENTER, JEFF SANDBERG, PALMER LEHMAN SANDBERG, PLLC AND JONATHAN J. EINHORN TO THE MOTION TO REOPEN APPEAL TO FILE MOTION FOR FRIVOLOUS APPEAL FILED BY UNIVERSITAS EDUCATION, LLC**

---

JEFFREY R. SANDBERG
Palmer Lehman Sandberg, PLLC
8350 N. Central Expressway, Suite 1111
Dallas, TX 75206
Telephone   (214) 242-6454
Facsimile: (214) 265-1950
jsandberg@pamlaw.com

Comes now Grist Mill Capital, LLC, Daniel Carpenter, Jeff Sandberg, Esq., Palmer Lehman Sandberg, PLLC, and Jonathan J. Einhorn, Esq. and file this Response to the Motion to Reopen Appeal to File Motion for Frivolous Appeal filed by Appellee Universitas Education, LLC. While much of Universitas's motion seeks to argue the purported merits of Universitas's motion for sanctions, this Response will be limited to responding to the motion to reopen the appeal, i.e., recall the mandate, and Universitas's failure to provide a proper basis for granting the relief requested by Universitas.

# Table of Contents

I. Introduction ................................................................................. 4

II. Universitas Mistakenly Relies Upon Inapplicable Generic
"Inherent Power" Opinions ............................................................ 4

III. Universitas Is Dilatory and Provides No Basis for Recalling
the Mandate Because There Are No
"Extraordinary Circumstances" ..................................................... 8

Conclusion ............................................................................................ 11

Certificate of Compliance ..................................................................... 12

Certificate of Service, Digital Submission and Privacy Redactions ....... 13

## I. Introduction

Universitas asks that this Court reopen the appeal and effectively recall the mandate more than four months after the Court's February 23, 2023 Opinion and more than two months after the Court's Order on April 12, 2023. Universitas wants to then file a motion for sanctions, but offers no reason for Universitas's delay in filing this motion to reopen the appeal and similarly offers no reason for Universitas's delay in filing the motion for sanctions. Accordingly, Universitas provides no "extraordinary circumstances" that would support recalling the mandate and Universitas's motion must be denied under this Circuit's binding precedent.

## II. Universitas Mistakenly Relies Upon Inapplicable Generic "Inherent Power" Opinions

Beginning on page 3 of its Motion, Universitas points the Court to a series of opinions that discuss a court's inherent authority to manage its affairs, including its docket. None of the opinions cited by Universitas support Universitas's requested relief - recalling an appellate court mandate months later (although Universitas couches its request as requesting a reopening of the appeal) and obtaining additional relief to better suit Universitas. Universitas first cites to an

appeal from a denial of a motion to intervene and sanctions award in which there was no motion to recall the mandate. *Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013). Its parenthetical case, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991), similarly involves appellate review of a District Court's sanctions order.

Similarly, the next opinion cited by Universitas, *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 333 (2d Cir. 1999), involves an appeal from a District Court's sanctions order and not a recall of an appellate court's mandate. Notably, however, the *Schlaifer* sanctions order was reversed because the District Court "relied on a clearly erroneous assessment of the facts in finding that SNC's claim was without a colorable basis and was pursued in bad faith." *Schlaifer Nance & Co.,* 194 F.3d at 337.

Universitas next points to *Lewis v. Smith*, 480 F. App'x 696, 699 (3rd Cir. 2012), which also does not involve a motion to recall the appellate court's mandate. Further, Universitas fails to inform the Court that the motion for sanctions filed in the District Court in *Lewis* was filed "within thirty days of our ruling on the appeal, pursuant to an order issued by the District Court." *Lewis,* 480 Fed. App'x at 499. *Lewis*

is clearly distinguishable before there is no order entered by the District Court authorizing the filing of a sanctions motion (this is, after all, a Court of Appeals and not a District Court) and Universitas filed its motion two months after the mandate was issued.

The next case cited by Universitas, *Kellogg v. Watts Geurra LLP*, 41 F.4th 1246, 1269 (10th Cir. 2022), also does not involve a motion to recall a mandate. Instead, *Kellogg* is an appeal of a District Court's sanctions order when a party refused to comply with a scheduling order and permit discovery. *Kellogg*, 41 F.4th at 1269-70. Curiously, Universitas cites to this case for the proposition that, according to Universitas on page 4 of its motion, "sanctions pursuant to 28 U.S.C. § 1927 may be imposed after a final judgment, as long as such motions are filed within a reasonable time." This holding is not located in *Kellogg*.

Universitas next cites to *Gallop v. Cheney*, 642 F.3d 364, 370-71 (2d Cir. 2011), in which the panel ordered, at the end of its opinion resolving the appeal, that the appellant file a letter brief addressing whether sanctions should be ordered. The panel in this case did not issue a similar order; therefore, *Gallop* is not relevant. Similarly, the

next opinion cited by Universitas, *Rivera-Aponte v. Gomez Bus Line, Inc.*, 62 F.4th 1, 6 (1st Cir. 2023), is not relevant because it involves a District Court's order striking an opposition that was filed untimely after the respondent had already requested and received an extension of the deadline to file the opposition.

Universitas next tries to bootstrap the authority of appellate courts to "regulate practice in a particular case in any manner consistent with federal law, these rules, and local rules of the circuit" as provided in Federal Rule of Appellate Procedure 47(b). Rule 47(b), and the lack of an express deadline for filing a motion for sanctions in this Court's local rules as posited by Universitas on pages 4 and 5, are not themselves support for reopening the appeal and recalling the mandate.

On page 5 of its motion, Universitas offers generalities masquerading as excuses for why Universitas, in its own words, "waited two months after this Court entered its mandate." Universitas argues that it needed an additional two months to complete its research, but this is illogical because Universitas (surely?) performed its research before Universitas threatened the opposing parties and opposing attorneys with sanctions. Even if Universitas did not properly perform

the necessary research before threatening sanctions, Universitas offers no reason for why such purported research would require a two-month delay by Universitas.

In conclusion, Universitas's motion fails to provide any legal basis for granting Universitas additional relief.

### III. Universitas Is Dilatory and Provides No Basis for Recalling the Mandate Because There Are No "Extraordinary Circumstances"

Universitas wholly ignores applicable law that would apply to Universitas's request to recall the mandate. Universitas does not even request in its motion that the mandate be recalled, and the reason is simple: there is no basis for doing so because there are no "extraordinary circumstances" here.

"[R]ecalling a mandate is an "extraordinary remedy." *Hawaii Housing Authority v. Midkiff*, 463 U.S. 1323, 1325 (1983). "[T]his power is to be exercised sparingly . . . and reserved for exceptional circumstances." *Sargent v. Columbia Forest Prods., Inc.*, 75 F.3d 86, 89 (2d Cir. 1996) (citations and internal quotation marks omitted). "'The sparing use of the power demonstrates it is one of last resort, to be held in reserve against grave, unforeseen contingencies.'" *British Int'l Ins.*

*Co. v. Seguros la Republica, S.A.*, 354 F.3d 120, 123 (2d Cir. 2003) (quoting *Calderon v. Thompson*, 523 U.S. 538, 549-50, 118 S. Ct. 1489, 140 L. Ed. 2d 728 (1998)). "[T]he power can be exercised only in extraordinary circumstances." *Calderon*, 523 U.S. at 550. "[R]ecalling a mandate is an unusual remedy intended for extraordinary circumstances." *Taylor v. United States*, 822 F.3d 84, 91 (2nd Cir. 2016) (cit. omitted).

"The reason for parsimony in the exercise of our power to recall a mandate is the need to preserve finality in judicial proceedings." *Sargent*, 75 F.3d at 89; *see United States v. Redd*, 735 F.3d 88, 90 (2d Cir. 2013) ("restraint is justified by the need to preserve finality in judicial proceedings.") (citation and internal quotation marks omitted). "'Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties.'" *Sargent*, 75 F.3d at 89 (quoting *Baldwin v. Iowa State Traveling Men's Assoc.*, 283 U.S. 522, 525, 75 L. Ed. 1244, 51 S. Ct. 517 (1931)); *see Waldman v. Palestine Liberation Org.*, 925 F.3d 570, 575 (2d

Cir. 2019) ("This Court's interest in finality also weighs against recalling the mandate.")

"[T]the remedy of recalling the mandate is not to be liberally provided, and [the Court] will not recall the mandate where a [party] fails to act with diligence in seeking relief." *Taylor*, 822 F.3d at 92-93. A request to recall the mandate so that a claim can be added is not, by itself, a valid reason to reopen an appeal. *Aponte v. City of New York Dep't of Corr.*, 377 Fed. Appx. 99 (2nd Cir. 2010) (refusing to reopen appeal to add a malpractice claim) (quoting *Singleton v. Wulff*, 428 U.S. 106, 120, 96 S. Ct. 2868, 49 L. Ed. 2d 826 (1976) ("It is the general rule . . . that a federal appellate court does not consider an issue not passed upon below.").

"The effect of the mandate is to bring the proceedings in a case on appeal in our Court to a close and to remove it from the jurisdiction of this Court, returning it to the forum whence it came." *Ostrer v. United States*, 584 F.2d 594, 598 (2d Cir. 1978).

In conclusion, Universitas provides no factual support and no legal support for Universitas's requested relief, and having issued its

mandate, there is no reason for the Court to consider an issue that Universitas failed to raise while the appeal was pending.

## **CONCLUSION**

Universitas fails to show that there is any legal basis for the relief that it requests in its motion and Universitas allowed the deadlines to seek a rehearing or to appeal expire. Universitas's motion should be denied.

Grist Mill Capital, LLC, Daniel Carpenter, Jeff Sandberg, Palmer Lehman Sandberg, PLLC and Jonathan J. Einhorn respectfully request that the Court deny Appellee's motion, and grant Grist Mill Capital, LLC, Daniel Carpenter, Jeff Sandberg, Palmer Lehman Sandberg, PLLC and Jonathan J. Einhorn such additional relief to which they are entitled at law or equity.

Respectfully submitted,

/s/ *Jeffrey R. Sandberg*
JEFFREY R. SANDBERG
Palmer Lehman Sandberg, PLLC
8350 N. Central Expressway,
Suite 1111
Dallas, TX 75206
Telephone (214) 242-6454
Facsimile: (214) 265-1950
E-mail: jsandberg@pamlaw.com

## **CERTIFICATE OF COMPLIANCE**

This Motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d) because it contains 1988 words, as determined by the word-count function of Microsoft Word 2016.

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Century Schoolbook font.

s/ Jeffrey R. Sandberg
Jeffrey R. Sandberg

# CERTIFICATE OF SERVICE, DIGITAL SUBMISSION AND PRIVACY REDACTIONS

This is to certify that on this 3rd day of July 2023, a true and correct copy of the foregoing instrument was served via ECF, to counsel of record.

☑ The undersigned further certifies that the digital submissions have been scanned for viruses on the above date with Trend Micro Security Agent and, according to the program, are free of viruses.

*/s/ Jeffrey R. Sandberg*
JEFFREY R. SANDBERG