No. 21-2690(L), 21-2691(CON)
_____

# In the United States Court of Appeals for the Second Circuit

_____

UNIVERSITAS EDUCATION, LLC,
Petitioner/Appellee,

vs.

GRIST MILL CAPITAL ET AL,
Respondent/Appellant,

NOVA GROUP, INC, as Trustee, Sponsor and Named Fiduciary of The Charter Oak Trust Welfare Benefit Plan, GRIST MILL TRUST WELFARE BENEFIT PLAN, AVON CAPITAL LLC, CHARTER OAK TRUST WELFARE BENEFIT PLAN, PHOENIX CAPITAL MANAGEMENT, LLC, HANOVER TRUST COMPANY,
CARPENTER FINANCIAL GROUP, INC.,
Respondents,

_____

**RESPONSE BY GRIST MILL CAPITAL, LLC, DANIEL CARPENTER, JEFF SANDBERG, PALMER LEHMAN SANDBERG, PLLC AND JONATHAN J. EINHORN TO THE MOTION FOR SANCTIONS FILED BY UNIVERSITAS EDUCATION, LLC**
_____

Jonathan J. Einhorn
Law Office of Jonathan J. Einhorn
129 Whitney Avenue, Suite 1
New Haven, Connecticut 06510
Telephone: (203) 777-3777

Jeffrey R. Sandberg
Palmer Lehman Sandberg, PLLC
8350 N. Central Expressway, Suite 1111
Dallas, TX 75206
Telephone: (214) 242-6454
Facsimile: (214) 265-1950
jsandberg@pamlaw.com

Comes now Grist Mill Capital, LLC, Daniel Carpenter, Jeff Sandberg, Esq., Palmer Lehman Sandberg, PLLC, and Jonathan J. Einhorn, Esq. and file this Response to the Motion for Sanctions filed by Appellee Universitas Education, LLC.

# Table of Contents

I. Introduction ...................................................................................................5

II. The Court's Warning ......................................................................................8

III. Applicable Law – Appellate Sanctions .........................................................8

IV. Similar Warnings Without Sanctions…………………………….......10

V. Sanctions are not Warranted Here……………………………...............11

    **A.** This Circuit and other Circuits hold that there is no time-limit to bring a rule 60(b)(4) motion attacking a voidjudgment………………………………………………..….11

    B. GMC did not waive its personal jurisdiction defense…………….……13

    C. The Parties Had a Bona Fide Dispute over Service of Process…………..15

    D. The Brief's Argument Regarding Subject Matter Jurisdiction Is Sparse but Not Sanctionable…………………….……..16

    E. Rule 58's Prompt Approval Requirement………………………….……16

    F. The Appellants' Brief and Appellants' Reply Brief Were Not Filed by Jeff Sandberg and Palmer Lehman Sandberg, PLLC…………………….……16

    G. Attorney Jonathan J. Einhorn Should Not be Subject to Sanctions……………………………………….…….……17

VI. Conclusion…………………………………………………..…………..18

Certificate of Compliance…………………………….…………………….… 19

Certificate of Service, Digital Submission and Privacy Redactions…..…….. 20

**I. Introduction**

Appellee Universitas asks the Court to sanction the Appellants and their attorneys and points to footnote 3 of the Summary Order (ECF #98). While the Court stated that Appellants' numerous challenges were frivolous or baseless in that footnote, the Court also chose not to take further steps regarding sanctions.

The parties and counsel are mindful of the language in footnote 3, and ask that the Court not impose sanctions. Counsel accepts and acknowledges the language of Footnote 3 and understands that further conduct as proscribed therein might lead to sanctions or discipline.

This appeal was not brought for an improper and frivolous purpose. In fact, District Court Judge Laura Swain wrote in the September 28, 2021 Order that the issue of personal jurisdiction over GMC was a "closer question." As another example, this Circuit and other circuits previously held that a Rule 60(b)(4) motion may be made at any time and is not governed by a "reasonable time" restriction. While the Summary Order demonstrates that these arguments were unpersuasive, the arguments were not advanced in bad faith, and instead are colorable claims with legal and factual support.

A review of Universitas' motion for sanctions clearly indicates that its request for sanctions is not related solely to filing what it claims is a "frivolous appeal" in this case, but rather is based upon the entire litigious history between the parties

wherein it seeks to recover a $30 million arbitration award against defendants. Instead of focusing on this appeal, Universitas cites the numerous proceedings in its recovery efforts, which is ongoing. In seeking sanctions, Universitas seeks to punish the defendants and their counsel from opposing its collection efforts.

Moreover, Universitas continues to unleash its scorched earth policy of personally attacking any counsel who now, or in the past, have represented the appellants. In this case, the issue of potential sanctions should be limited to this appeal and not to other cases. Universitas seeks to prejudice this Court against counsel by including irrelevant arguments pertaining to the body of litigation between the parties. Some of those motions or cases are still pending, although as recently as last week, the 10th Circuit reversed a judgment in favor of Universitas in which Universitas filed motions for sanctions in the District Court against Attorney Jeffrey Sandberg that will presumably be denied by the District Court as a result. *Universitas Education, LLC v. Avon Capital, LLC*, No. 21-6044, 2023 U.S. App. LEXIS 17968 (10th Cir. July 13, 2023).

In its lengthy filing, Universitas chooses to relay upon matters outside of the docket in this case. This tactic is indicative of Universitas' attempts to close down Mr. Carpenter and any counsel he engages from continuing to challenge collection of the arbitration award. Universitas and its counsel have threatened sanctions often in this dispute and related disputes repeatedly over the years and use the threat of

sanctions as a litigation strategy. As an example, and in a case in which (1) no parties and (2) no parties affiliated with/related to Appellants were involved, Universitas and its counsel filed a motion for sanctions against the prior counsel for Universitas because Universitas's prior counsel would not release its valid attorney's lien absent payment, grossly misconstruing the District Court's order in the process. *Manson v. Universitas Educ., LLC*, Case 1:18-cv-00219-CMH-JFA, Document 67 (E.D. Va. June 22, 2018).

In a similar collection action brought by Universitas in New York, (*Universitas Education, LLC v. Nova Group, Case No. 11-1590-LTS)*, Universitas sought Rule 11 sanctions against Attorney Roger Stavis and the law firm of Mintz & Gold which represented Grist Mill Capital for filing a Motion to Vacate claiming it had "no chance of success." That motion is still pending.

In *Universitas Education, LLC vs. Nova Group, et. al.*, 14-mc-00125 (RNC), Universitas continued its campaign to intimidate opposing counsel and sought sanctions against Attorney Einhorn for raising issues, among them, the "One Judgment Rule", as barring collection of further sums in this case and other valid issues. That Motion to Vacate for which Universitas claims Attorney Einhorn ought to be sanctioned as it "stands no chance of success" has not yet been argued or decided by the Court! Universitas' Motion for sanctions itself has never been

argued. It was purely an intimidation technique.[1]

## II. The Court's Warning

In the Summary Order (ECF #98-1), from this Court, footnote 3 states:

In light of the numerous challenges that we find to be either frivolous or baseless, counsel for Appellants are reminded that as officers of the court, they are to be mindful stewards of judicial resources and taxpayer dollars. As such, they are duty-bound to avoid pursuing frivolous appeals and presenting clearly meritless arguments to this Court. Conduct inconsistent with these obligations may result in the imposition of discipline.

The Court thus reminded counsel to avoid "pursuing frivolous appeals and presenting clearly meritless arguments to this Court". The Court did not impose discipline or sanctions, but rather cautioned counsel and reminded them of their obligations for future conduct.

Appellants and Appellants' counsel accepts and acknowledges these instructions and understand that any future conduct inconsistent with the obligations set forth in the footnote will result in discipline.

## III. Applicable Law – Appellate Sanctions

"If a court of appeals shall determine that an appeal is frivolous, it may . . . award just damages and single or double costs to the appellee." FED. R. APP. P. 38. "[A] clear showing of bad faith" is required before there is a "highly unusual

---

[1] There are several other instances where Universitas threatened other counsel for Mr. Carpenter or any related parties during the course of its numerous collections actions.

instance[]" permitting an imposition of sanctions under Rule 38. *In re Hartford Textile Corp.*, 659 F.2d 299, 305 (2d Cir. 1981) (per curiam), *cert. denied*, 455 U.S. 1018 (1982) (cit. omitted). "Courts should be sensitive to the impact of sanctions on attorneys . . . [t]hey can be economically punishing, as well as professionally harmful." *Oliveri v. Thompson*, 803 F.2d 1265, 1280 (1986).

> "In order to impose sanctions pursuant to its inherent power, a district court must find that: (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, i.e., motivated by improper purposes such as harassment or delay." *Schlaifer Nance [& Co. v. Estate of Warhol]*, 194 F.3d [323 336 [(2d Cir. 1999)]; *see also id*. at 337 (holding that a claim is "entirely without color when it lacks any legal or factual basis. Conversely, a claim is colorable when it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim.") (internal citations omitted). Although both findings "must be supported by a high degree of specificity in the factual findings," *Wolters Kluwer [Fin. Servs., Inc. v. Scivantage]*, 564 F.3d [110,] 114 (2d Cir. 2009), "bad faith may be inferred 'only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay,'" *Schlaifer Nance*, 194 F.3d at 336 (citation omitted).
>
> The showing of bad faith required to support sanctions under 28 U.S.C. § 1927 is "similar to that necessary to invoke the court's inherent power." *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986). In practice, "the only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is . . . that awards under § 1927 are made only against attorneys or other persons authorized to practice before the courts while an award made under the court's inherent power may be made against an attorney, a party, or both." *Id*.

*Enmon v. Prospect Cap. Corp.*, 675 F.3d 138, 143–44 (2d Cir. 2012).

## IV. This Court Has Issued Similar Warnings
## Without Awarding Sanctions

Language similar to footnote 3 in the Summary Order was issued by this Court in cases where the Court did not award sanctions. *Manchanda v. Senderoff*, No. 21-1909, 2022 U.S. App. LEXIS 14787 (2d Cir. March 24, 2022) (pro se attorney filed a pleading containing racist and anti-Semitic comments); *In re Atty. Griev.*, 842 Fed. Appx. 690, 693-94 (2d Cir. 2021) (warning that future filings of similar complaints may result in sanctions); *LCS Grp. v. Shire LLC*, 2019 U.S. App. LEXIS 39004 (2d Cir. November 12, 2019) (expressing disapproval of the manner in which the appeal was prosecuted but sanctions unwarranted); *NSI Int'l, Inc. v. Mustafa*, 726 Fed. Appx. 78 (2d Cir. June 8, 2018) (warning regarding future conduct and denying motion for sanctions); *Dahiya v. Kramer (In re Khan)*, 593 Fed. Appx. 83 (2d Cir. February 5, 2015) (motion for sanctions denied as some arguments were not frivolous and the respondent did not multiply the proceedings unreasonably and vexatiously).

Nonetheless, and to be clear, Appellants and Appellants' counsel accept the warning and take it very seriously.

## V. Sanctions Are Not Warranted Here

No argument is being made in this Response that the merits panel incorrectly decided the appeal. However, and without rearguing the merits of the arguments, the summaries below show that the arguments presented were not frivolous or brought in bad faith and that there are legal and factual bases for the arguments.

**A.   This Circuit and other Circuits hold that there is no time-limit to bring a rule 60(b)(4) motion attacking a void judgment.**

Rule 60(b)(4) has no time-limit or any type of "diligence" (strictly 60(b)(2)) or "reasonableness" standard in determining whether a judgment is "void." As recently as 2021, this Court wrote "'[a] motion to vacate a default judgment as void' under Rule 60(b)(4), however, usually 'may be made at any time.'" *Gater Assets Ltd. v. Moldovagaz*, 2 F.4th 42, 53 (2d Cir. 2021) (quoting *Grace v. Bank Leumi Tr. Co. of N.Y.*, 443 F.3d 180, 190 (2d Cir. 2006). Earlier this year, the D.C. Circuit recognized "binding precedent that Rule 60(b)(4) motions are not governed by a reasonable time restriction . . . [thus] the Court will not consider [] delay in raising this issue in its Rule 60(b)(4) analysis." *HomeVestors of Am., Inc. v. Toliver*, 2023 WL 183667, at *3 n.1 (D.D.C. Jan. 13, 2023); *see, e.g., V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 n.9 (10th Cir. 1979) (holding that "if a judgment is void, it is a nullity from the outset and any 60(b)(4) motion for relief is therefore filed within a reasonable time").

Additional authority for this argument can be found at *Jackson v. FIE Corp.*, 302 F.3d 515, 523 (5th Cir. 2002) ("there is no time limit on Rule 60(b)(4) motions"); *United States v. One Toshiba Color Television*, 213 F.3d 147, 157 (3d Cir. 2000) ("nearly overwhelming authority...for the proposition that there are no time limits with regards to a challenge to a void judgment because of its status as a nullity"); *Rodd v. Region Constr. Co.*, 783 F.2d 89, 91 (7th Cir. 1986) ("the reasonable time criterion of Rule 60(b) as it relates to void judgments, means no time limit, because a void judgment is no judgment at all."); *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987) ("There is no time limit on a Rule 60(b)(4) motion to set aside a judgment as void."); *Misco Leasing, Inc. v. Vaughn*, 450 F.2d 257, 260 (10th Cir. 1971) (explaining that motions under Rule 60(b)(4) need not be filed within any particular time if the judgment is a nullity for want of jurisdiction).

The Summary Order holds on page 5 that the appeal was not brought timely and that the Appellants could have and should have appealed earlier. Still, the legal authorities cited above (and again, this response is not arguing that the Court here wrongly decided this issue) demonstrate that there was a colorable legal basis for filing the Rule 60(b)(4) motions in 2020 and 2021 even though the underlying judgment was entered in 2014.

**B.     GMC did not waive its personal jurisdiction defense.**

The Summary Order holds on page 6 that GMC waived its personal jurisdiction defense because GMC's first significant defensive move did not challenge personal jurisdiction.

GMC's first act following Appellee's filing the Second Motion for Turnover Relief which seeks to add GMC as a party was to join in the opposition filed on November 20, 2013. (USA146) The supporting memorandum in opposition was signed by GMCs counsel, Attorney Bernstein. (USA175) In summary, GMC is included in the listing of business entities that comprise the defined term "Respondents" so that the lack of personal jurisdiction was also argued by GMC as follows: "Universitas fails to establish, or even allege, that *Respondents* have any contacts with the State of New York, much less minimum contacts so as to justify haling it into court in New York." (emphasis added)

The District Court considered this issue a "closer question" (SPA-32) but did not agree that GMC was a "Respondent" that argued there were insufficient contacts in GMC's first significant defense move – the response brief.

These facts demonstrate that there was a colorable factual basis for arguing that GMC did not waive its challenge to personal jurisdiction, particularly in light of Judge Swain's statement that this was a "closer question."

**C.    The Parties Had a Bona Fide Dispute over Service of Process**

Appellants argument as to the insufficiency of service of process is based upon disputed facts. Both Mr. Carpenter and Grist Mill Capital maintained that the Turnover Judgment was void as they never waived formal service.

The District Court did not agree and this was raised as one of the grounds for appeal. Essentially, the Court's finding of adequate service of process was based upon a supplemental affidavit filed by Universitas and a finding that Appellants agreed to accept service by email.

In its brief, Appellants argued that the facts did not justify such a finding, and cited various cases for the proposition that an independent action should have been brought to include non-parties to the Turnover Action and that they could not just be added by motion. See e.g., *Wasserman Media Grp., LLC v. Bender,* 10 CIV. 8783 SAS, 2012 WL 1506181 and *Runway Development Group v. Pentagen Technologies International Limited,* 396 F.Supp.2d 471 (S.D.N.Y. 2005), (S.D.N.Y. Apr. 26, 2012). The District Court disagreed in analyzing the service of process issue.

**D.     The Brief's Argument Regarding Subject Matter Jurisdiction Is Sparse but Not Sanctionable.**

On pages 6 & 7, the Summary Order accurately states that the argument in Appellants' Brief on this issue consists of a block quote from *Peacock v. Thomas*, 516 U.S. 349 (1996). The Order also holds that *Peacock* does not negate personal jurisdiction in this type of case, citing *Epperson v. Ent. Express, Inc.*, 242 F.3d 100 12 (2d Cir. 2001).

Admittedly, the Appellants' Brief should have provided more legal authorities in support of this argument and also provided argument showing why *Epperson* did not apply in this case. Appellants' Brief should also have included citations to the appellate record. However, on page 27, Appellants' Reply Brief contains arguments seeking to distinguish *Epperson*, pointing out that Universitas's Motion for Turnover argued alter ego theory, reverse veil piercing and piercing the corporate veil, citing to Dkt. 309, pp. 8, 16-17 & 26, which would properly be outside the scope of *Epperson's* holding and fall within the scope of *H.C. Cook Co. v. Beecher*, 172 F. 166 (D. Conn. 1909), aff'd, 217 U.S. 497, 54 L. Ed. 855, 30 S. Ct. 601 (1910) as an independent cause of action. *See Epperson*, 242 F.3d at 104 ("veil-piercing claims in a subsequent action require an independent jurisdictional basis").

Still, the brevity of this argument in Appellants' Brief indicates that there was no intent to make a frivolous argument and that this argument was not brought in bad faith.[2]

### E. Rule 58's Prompt Approval Requirement.

On page 7 of the Summary Order, the Court held that Rule 58(b)(2)'s requirement that judgments such as the one at issue be approved does not require a signature. The Court also held that the statement in the 2021 order that Judge Swain approved the 2014 order was sufficient.

The Turnover Judgment was required to be approved because it contained more than an award of costs and a sum certain, as the Turnover Judgment: (1) denied the request for permanent injunction, (2) denied the request for equitable relief, (3) terminated the temporary injunction; and (4) denied the request to modify the temporary injunction. *See* FED. R. CIV. P. 58(b)(2). Appellants' Brief properly cited to legal authorities in support of this argument.

Further, there was a good faith basis for arguing that the 2021 Order's statement was insufficient because Rule 58 requires that the District Court promptly approve the form of the 2014 Turnover Judgment.

In conclusion, this argument was not brought in bad faith or for an improper purpose, even though the Court was not persuaded.

### F. The Appellants' Brief and Appellants' Reply Brief Were Not Filed by Jeff Sandberg and Palmer Lehman Sandberg, PLLC.

The motion filed by Universitas lumps together both parties and also both lawyers. Notably, however, Attorney Sandberg/Palmer Lehman Sandberg, PLLC did not file the Appellants' Brief and Appellants' Reply Brief, and instead filed

solely the Rule 28(j) letter brief and Petition for Rehearing. Further, the motion does not mention the issues that are the subject of (1) the Rule 28(j) letter (that there is no time limit when filing a Rule 60(b)(4) motion attacking a void judgment and that Rule 4 of the Federal Rules of Civil Procedure provides for multiple methods of accomplishing service of process as set forth in *Black v. Vitello*, 841 F. App'x 334, 335–36 (2d Cir. 2021) or (2) the Petition for Rehearing (that there is no time limit when filing a Rule 60(b)(4) motion attacking a void judgment and that GMC did not waive its personal jurisdiction defense because GMC's first significant defensive move challenged personal jurisdiction over the "Respondents" and GMC was included as a Respondent.

Attorney Sandberg argued the appeal by agreement of counsel. Much of the oral argument covered the reasonableness requirement regarding Rule 60(b)(4) motions attacking a void judgment, and Attorney Sandberg's argument was consistent with the authorities cited above.

Accordingly, there is no support for an award of sanctions against Attorney Sandberg and Palmer Lehman Sandberg, PLLC.

**G.    Attorney Jonathan J. Einhorn Should Not be Subject to Sanctions.**

The Appellant's brief in this matter was the result of a joint effort between several of Mr. Carpenter's lawyers, all attempting to raise non-frivolous but vigorous defenses to Universitas' collection action.

Mr. Einhorn has been practicing before the United Court of Appeals for the Second Circuit since April 7, 1975 and is a member is good standing of this Court. He has argued in excess of 50 appeals and has never been sanctioned by this Court. He has tried over 100 criminal cases in the District of Connecticut and is an active member of its CJA Panel. Appellants' counsel take very seriously the Court's admonition at footnote 3 and promises that they will more judicious in their arguments in the future.[3]

## VI. CONCLUSION

Grist Mill Capital, LLC, Daniel Carpenter, Jeff Sandberg, Palmer Lehman Sandberg, PLLC and Jonathan J. Einhorn respectfully request that the Court deny Appellee's motion for sanctions.

There was no intent to harass Universitas or vexatiously multiply the proceedings. Although the appeal was taken to vigorously defend Appellants' rights, in retrospect, certain of the claims could have been more carefully reviewed.

Respectfully submitted,

*/s/ Jonathan J. Einhorn*
Jonathan J. Einhorn
Law Office of Jonathan J. Einhorn
129 Whitney Avenue
New Haven, Connecticut 06510
Telephone: (203) 777-3777

---

[3] Mr. Einhorn profusely apologizes to Judge Swain for negative comments on her Ruling in the Appellate Brief and admits that they should have been removed during editing as inappropriate.

/s/ *Jeffrey R. Sandberg*
JEFFREY R. SANDBERG
Palmer Lehman Sandberg, PLLC
8350 N. Central Expressway,
Suite 1111
Dallas, TX 75206
Telephone  (214) 242-6454
Facsimile: (214) 265-1950
E-mail: jsandberg@pamlaw.com

**CERTIFICATE OF COMPLIANCE**

This Motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d) because it contains 3856 words, as determined by the word-count function of Microsoft Word 2016.

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

*/s/ Jonathan J. Einhorn*
Jonathan J. Einhorn

## CERTIFICATE OF SERVICE, <u>DIGITAL SUBMISSION AND PRIVACY REDACTIONS</u>

This is to certify that on this 21st day of July 2023, a true and correct copy of the foregoing instrument was served via ECF, to counsel of record.

☑ The undersigned further certifies that the digital submissions have been scanned for viruses on the above date with Trend Micro Security Agent and, according to the program, are free of viruses.

<u>*/s/ Jonathan J. Einhorn*</u>
Jonathan J. Einhorn