JONATHAN J. EINHORN
Attorney and Counselor At Law
129 WHITNEY AVENUE
NEW HAVEN, CONNECTICUT 06510
(203) 777-3777
Facsimile (203) 782-1721
einhornlawoffice@gmail.com

August 15, 2023

Catherine O'Hagan Wolfe
Clerk of the Court
U.S. Court of Appeals
For the Second Circuit
40 Foley Square
New York, New York 10007

Re: <u>Universitas Education, LLC vs. Nova Group, Inc., Docket 21-2690(L)</u>
<u>Universitas Education, LLC vs. Nova Group, Inc., Docket 21-2691</u>

Dear Madam Clerk:

I am writing to supplement our filing at Docket Entry#143 in 21-2690. In its Motion for Sanctions, Universitas Education, LLC complains about what it claims is frivolous arguments made in related litigation and cites *Universitas Education, LLC vs. Benistar, et al*, No. 3:20cv738 (KAD).

In fact, on August 2, 2023 U.S. District Court Judge Kari A Dooley dismissed Universitas' lawsuit in 3:20cv738, against all defendants, with prejudice. A copy of that Ruling is attached.

Sincerely yours,

JONATHAN J. EINHORN

cc: All counsel

JJE:gab

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNIVERSITAS EDUCATION, LLC, *Plaintiff*, | ) ) ) | NO. 3:20-cv-00738 (KAD) |
| v. | ) ) ) | |
| BENISTAR, *et al.*, *Defendants*. | ) ) ) | AUGUST 2, 2023 |

### MEMORANDUM OF DECISION
### RE: MOTIONS TO DISMISS (ECF Nos. 257, 261, 291, 292, 293, 294, 301, 342, 372), MOTION TO INTERVENE (ECF No. 303), & MOTION TO VACATE (ECF No. 362)

Kari A. Dooley, United States District Judge:

For more than a decade, Plaintiff Universitas Education, LLC ("Universitas") has been attempting to recoup the proceeds of life insurance policies for which it was the named beneficiary, but which were stolen from it. Universitas commenced this action to enforce a prior judgment entered in the Southern District of New York against 11 individuals, trusts, and companies that were not parties to the prior action, but that are herein alleged to be "alter egos" and part of the same "criminal enterprise" as the judgment debtors. After the original complaint was dismissed in part by Judge Meyer,[1] *see Universitas Educ., LLC v. Benistar*, No. 3:20-cv-738 (D. Conn. Mar. 15, 2021), ECF No. 110, Universitas filed an Amended Complaint in April 2022. The Amended Complaint names as defendants: Grist Mill Partners, LLC (Grist Mill), 1 & 3 Mill Pond Partners, LLC (Mill Pond), Seir Hill Partners, LLC (Seir Hill), Greyhound Partners, LLC (Greyhound Partners), and Birch Hill Partners, LLC (Birch Hill) (collectively, the LLCs); Alliance Charitable Trust, Phoenix Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, and Carpenter Charitable Trust (collectively, the Trusts); and Caroline and Steven Meckel (collectively, the

---

[1] After Judge Meyer heard oral argument on the motions to dismiss and the motion to intervene, this matter was transferred to the undersigned on April 3, 2023.

Meckels). All defendants have moved to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Defendants primarily assert that the claims in the Amended Complaint are barred under the doctrine of *res judicata*, but they also identify several other deficiencies in Universitas's Amended Complaint. Additionally, Grist Mill Partners, LLC has moved to vacate the prejudgment remedy entered against it. For the reasons set forth below, the motions to dismiss for lack of subject matter jurisdiction are DENIED (ECF Nos. 294, 342 and 372), the motions to dismiss for failure to state a claim are GRANTED (ECF Nos. 257, 261, 291, 292, 293, 294, and 301), the motion to intervene is DENIED as moot (ECF No. 303), and the motion to vacate the prejudgment remedies is GRANTED (ECF No. 362).

**Standard of Review**

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678. Nevertheless, when reviewing a motion to dismiss, the court must accept well-pleaded factual allegations as true and draw "all reasonable inferences in the non-movant's favor." *Interworks Sys. Inc. v. Merch. Fin. Corp.*, 604 F.3d 692, 699 (2d Cir. 2010).

"Because a Rule 12(b)(6) motion challenges the complaint as presented by the plaintiff, taking no account of its basis in evidence, a court adjudicating such a motion may review only a narrow universe of materials. Generally, we do not look beyond facts stated on the face of the complaint, . . . documents appended to the complaint or incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (citations omitted, internal quotation marks omitted).

The appropriate analysis for a facial challenge to subject matter jurisdiction, as is raised by the Defendants, is similar to that required under Rule 12(b)(6). "When the Rule 12(b)(1) motion is facial, *i.e.*, based solely on the allegations of the complaint or the complaint and exhibits attached to it . . . , the plaintiff has no evidentiary burden." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). The task of the district court is to determine whether, after accepting as true all material factual allegations of the complaint and drawing all reasonable inferences in favor of the plaintiff, the alleged facts affirmatively and plausibly suggest that the court has subject matter jurisdiction. *Id.* at 56–57.

**Allegations and Procedural History**

The Court assumes the parties' familiarity with the case and its procedural history, which was set out in detail by Judge Meyer in his March 2021 decision dismissing much of the original complaint. *See* ECF No 110 at 1–8. Construing the allegations in the Amended Complaint in the light most favorable to Universitas, this case is about a fraudster, Daniel Carpenter, who stole millions of dollars from Plaintiff, a charitable foundation, after the death of the foundation's wealthy benefactor, Sash Spencer. By way of brief background, and as discussed by Judge Meyer:

> In 2008, Spencer died unexpectedly, but Daniel Carpenter and his associates fraudulently denied Universitas's claim for Spencer's life insurance proceeds and transferred the death benefits to entities owned and controlled by Daniel Carpenter while Universitas's appeal was pending. [Complaint], at 5–6 (¶¶ 30–35).

3

> In January 2011, an arbitrator found in Universitas's favor and entered an award of $26.5 million against Nova Group, and this award was confirmed by Judge Swain in the Southern District of New York. *Id.* at 7–8 (¶¶ 42, 45); *see also Universitas Educ., LLC v. Nova Grp., Inc.*, 2012 WL 2045942, at *3 (S.D.N.Y. 2012), *aff'd*, 513 F. App'x 62 (2d Cir. 2013). Following extensive post judgment discovery, Universitas brought three turnover motions before Judge Swain to enforce its judgment. . . .

*Id.* at 2.

Ultimately, Universitas prevailed in the first two turnover proceedings brought against various entities controlled by Carpenter, obtaining judgments against these entities. *Id.* at 2–4. The third turnover motion was denied without prejudice as beyond the scope of the court's ancillary jurisdiction because it pertained to contracts "not involved in the underlying arbitration and original judgment enforcement proceedings, nor implicated in the subsequent fraudulent conveyance proceedings." *Id.* at 4 (quoting *Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11-cv-1590 (LTS), 2015 WL 57097, at *3 (S.D.N.Y. Jan. 5, 2015)).[2]

Efforts to recoup the stolen funds continued despite obtaining said judgments due to the intransigence of Carpenter. Universitas filed this lawsuit almost three years ago seeking to enforce the prior judgment from the Southern District of New York against 11 individuals, trusts, and companies that were not parties to that action. After the originally named defendants moved to dismiss the complaint, Judge Meyer issued a detailed decision eliminating many, but not all, of Universitas' claims on *res judicata* grounds. After Judge Meyer issued that ruling, the parties moved for reconsideration, and Universitas sought permission to file an amended complaint. Judge Meyer denied the motions to reconsider but granted, in part, Universitas's motion to file an amended complaint to add new claims and defendants. *See* ECF No. 240.

---

[2] Although not repeated herein, the Court relies upon the undisputed parameters and circumstances of the various turnover proceedings before Judge Swain as detailed by Judge Meyer in his memorandum of decision.

Universitas filed the operative Amended Complaint in April 2022 against the 12 defendants identified above. *See* Am. Compl., ECF No. 249.

Plaintiff refers to Carpenter's criminal enterprise as "Benistar." Grist Mill is a Benistar entity that owns and operates a building located 100 Grist Mill Road in Simsbury, Connecticut. Am. Compl. at 22 ¶¶ 117–18. This building served as Benistar's headquarters and as a pass-through entity that could be used to conceal assets from creditors. Am. Compl. at 22–23 ¶¶ 119–20, 124. Grist Mill received $155,000 from Grist Mill Capital, LLC (another shell company that Carpenter uses to hide assets) in August 2007 to purchase the 100 Grist Mill Road property. Am. Compl. at 23–24 ¶¶ 125–26, 49 ¶ 348. Universitas alleges that Grist Mill is an alter ego of Carpenter. Am. Compl. at 23–24 ¶¶ 127–30. The Trusts own most of Carpenter's assets and ownership rights in Benistar and operates as a "creditor proof piggy bank" for Carpenter and his family. Am. Compl. at 24–25 ¶¶ 131–35. In November 2009, the life insurance proceeds were distributed to each of the Trust Defendants, and each serve as an alter ego for Carpenter. Am. Compl. at 25–26 ¶¶ 138–46. The LLC Defendants serve as sham entities to shield Carpenter's assets from collection. Am. Compl. at 27 ¶¶ 153–54, 28 ¶¶ 161–62, 29 ¶¶ 168–69, 33–34 ¶¶ 200, 203–05. Universitas claims that three of these defendants received money from Carpenter-affiliated entities at various times during the course of his extensive fraud as follows: (1) Seir Hill received $150,000 in December 2012; (2) Mill Pond received $300,000 in April 2008; and (3) Birch Hill received $200,000 on two separate occasions in June and September 2010. Am. Compl. at 27 ¶¶ 151–52, 28–29 ¶¶ 159–60, 165–68. With respect to Greyhound Partners, Universitas alleges that "Greyhound [Partners] 'purchased' [a property in Connecticut] for $250,000 from the Carpenter Family Trust" in 2011. Am. Compl. at 33 ¶ 197. That purchase was secured through a promissory note with the family trust, which is similarly used to shield assets from Carpenter's

creditors. Am. Compl. at 33– 34 ¶¶ 198–205. Caroline Meckel is Carpenter's daughter, and Steven Meckel is her husband. Am. Compl. 29 ¶ 170–71. Despite being intimately familiar with Carpenter's prolonged legal and financial troubles throughout the 2000s, they purchased a home at 41 Church Street, Taftville, Connecticut, from Birch Hill without performing any due diligence. Am. Compl. at 29 ¶ 172, 32 ¶¶ 192–93. Had they done so, Universitas claims, it "would have caused [them] to uncover facts demonstrating Mr. Carpenter's fraudulent intent." Am. Compl. at 32 ¶ 193.

Universitas seeks damages through joint and several liability for all defendants.

**Discussion**

*Rule 12(b)(1)*

The Court first turns to the motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *See Cantor Fitzgerald, L.P., v. Peaslee*, 88 F.3d 152, 155 (2d Cir. 1996) ("Customarily, a federal court first resolves any doubts about its jurisdiction over the subject matter of a case before reaching the merits or otherwise disposing of the case."). Greyhound Partners, Seir Hill, Birch Hill, and Mill Pond argue that there is no diversity jurisdiction because Constance Carpenter, a member of Greyhound Partners, is a resident of New York, and Universitas is a New York LLC whose members are also citizens of New York.

Greyhound Partners is a Connecticut limited liability corporation with the following *current* members: Greyhound Management Inc. and Constance Ann Carpenter.[3] Greyhound Management's principal business address is in Avon, Connecticut, and while Constance Carpenter's business address is Connecticut-based, she resides in New York. *Id.*

---

[3] *See* Greyhound Partners LLC, Business, https://service.ct.gov/business/s/onlinebusinesssearch?businessNameEn=qb26aUn5XZgTPRvSA0IA%2FNFYi0eW a3n3MmCdaczoS71VZyrgthnliSVWcOYaQQUL (last accessed Aug. 2, 2023).

"In general, the citizenship of a limited liability company is determined by the citizenship of each of its members." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016). "Diversity jurisdiction requires complete diversity: no plaintiff and no defendant may be citizens of the same state." *Agoliati v. Block 865 LOT 300 LLC*, 22–51, 2023 WL 405769, at *3 (2d Cir. 2023) (citing *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019)).

Greyhound Partners, Seir Hill, Birch Hill, and Mill Pond argue that Universitas plead that Constance Carpenter is a member of Greyhound Partners in its Amended Complaint, and because she resides in New York, this Court lacks diversity jurisdiction because Plaintiff is a New York LLC. This assertion is simply incorrect. Universitas alleges that Greyhound Management, not Greyhound Partners, "is owned by Daniel Carpenter and his sister Constance Carpenter." Am. Compl. at 33 ¶ 199. And because Greyhound Management is a corporation, the domicile of its owners is irrelevant. *See* 28 U.S.C. § 1332(c)(1).

Further, even though Constance Carpenter is *currently* listed as a member of Greyhound Partners, as noted by Universitas, this is a recent change. "A party's citizenship for [diversity jurisdiction] is considered at the time the complaint is filed." *Agoliati*, 2023 WL 405769, at *3 (citing *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004)). Greyhound Partners filed an Annual Report on March 31, 2022—a week before Universitas filed its Amended Complaint—that listed Greyhound Management as its sole member.[4] In the fall of 2022, and after the Amended Complaint was filed, Greyhound Partners filed several notices with the Connecticut

---

[4] Greyhound Partners LLC, Secretary of the State of Connecticut Annual Report 2022, https://ctds.my.salesforce.com/sfc/p/#t0000000PNLu/a/t0000000deRy/KmSwzAdPYwiUd8y3BUvkra0XX.75tXueo cQEK9dbYhs (last accessed Aug. 2, 2023).

Secretary of the State that added Constance Carpenter as a member of the LLC.[5] Even assuming Constance lives in New York, her addition as a member of Greyhound Partners *after* Universitas filed its Amended Complaint does not defeat diversity jurisdiction.[6]

Accordingly, because at the time the Amended Complaint was filed, there was diversity jurisdiction between Universitas and all Defendants, the Court is satisfied that it has subject matter jurisdiction over this matter and the motions to dismiss for lack of subject matter jurisdiction and as joined by Seir Hill, Birch Hill, and Mill Pond, *see* ECF Nos. 304, 305, 306, are DENIED (ECF Nos. 294, 342 and 372).[7]

*Rule 12(b)(6)*

### *Res Judicata*

The Court next turns to the motions to dismiss for failure to state a claim pursuant to Rule 12(b)(6) filed by the Trust and LLC Defendants. These Defendants principally argue that *res judicata* bars Universitas's claims.[8]

As previously observed by Judge Meyer:

> "Because the federal court that issued the first judgment sat in diversity in New York, [I must] apply the preclusion law of that state, unless 'the state law is incompatible with federal interests.'" *Howard Carr Companies, Inc. v.*

---

[5] Greyhound Partners LLC, Secretary of the State of Connecticut Interim Notice, https://ctds.my.salesforce.com/sfc/p/#t0000000PNLu/a/t000000312qE/UMumUF9uCK.qjFn7HBhvJ53EIDaGgSjQz_z5Ciqq5IY (last accessed Aug. 2, 2023).

[6] The Court has also considered Defendants' arguments that Universitas has inadequately plead the domiciles of the members of the LLCs named in the Amended Complaint and that Universitas conceded that this Court lacked diversity jurisdiction by failing to respond to this argument in its opposition brief and finds them unpersuasive. First, although Universitas alleged the residence and not the domicile of the LLC members, Defendants have not argued that the LLC members have a residency that is different from their domicile, and, indeed, Universitas did allege the citizenship of each LLC member. Second, Universitas' failure to address this argument is not forfeited, because this Court must still independently assess the pleadings to see if they provide sufficient grounds to deny the motion. *See* D. Conn. L. Civ. R. 7(a)(2).

[7] The argument by Greyhound Partners, Birch Hill, Seir Hill, and Mill Pond that Universitas lacks standing is arguably frivolous and is therefore not further addressed.

[8] The Trust Defendants also argue that the Amended Complaint is a "shotgun" pleading in violation of Rule 8 and that Plaintiff's unjust enrichment claims are actually fraudulent transfer claims barred by statute of limitations. Because the Court concludes that *res judicata* is dispositive of the Trust Defendants' motions to dismiss, the Court does not address these arguments.

> *Cumberland Farms, Inc.*, 833 F. Appx. 922, 923 (2d Cir. 2021) (quoting *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 509 (2001)); *see also NAS Elecs., Inc. v. Transtech Elecs. PTE Ltd.*, 262 F. Supp. 2d 134, 143 (S.D.N.Y. 2003) ("[W]hen a federal court sitting in diversity applies state substantive law as the rule of decision in a case, the preclusive effect of any decision by the federal court in that case is to be determined by the state preclusion law of the state in which the district court sits") (citing *Semtek Int'l Inc.*, 531 U.S. at 508–09, 121 S. Ct. 1021). Therefore, because the Benistar Defendants seek to invoke *res judicata* based on litigation before a federal court sitting in diversity in the Southern District of New York, the Court applies New York law regarding *res judicata*.
>
> Under New York law, "*res judicata*, or claim preclusion, bars successive litigation based upon the same transaction or series of connected transactions . . . if (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was." *People ex rel. Spitzer v. Applied Card Sys., Inc.*, 11 N.Y. 3d 105, 122, 863 N.Y.S. 2d 615, 894 N.E. 2d 1 (2008) (cleaned up). "The rule applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation." *In re Hunter*, 4 N.Y. 3d 260, 269, 794 N.Y.S. 2d 286, 827 N.E. 2d 269 (2005). "[U]nder New York's transactional analysis approach to *res judicata*, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *Ibid.* (internal quotation omitted).
>
> Whether a "factual grouping constitutes a transaction or series of transactions depends on how the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Smith v. Russell Sage Coll.*, 54 N.Y. 2d 185, 192–93, 445 N.Y.S. 2d 68, 429 N.E. 2d 746 (1981) (cleaned up). *Res judicata* applies if the prior action was "grounded on the same gravamen of the wrong upon which the action is brought." *Id.* at 192, 445 N.Y.S. 2d 68, 429 N. E. 2d 746 (citation omitted). New York's "approach to *res judicata* is arguably broader than the principles adopted by the federal courts." *Ins. Co. of State of Pennsylvania v. HSBC Bank USA*, 10 N.Y. 3d 32, 38 n.3, 852 N.Y.S. 2d 812, 882 N.E. 2d 381 (2008).

ECF No. 110 at 11–12.[9]

---

[9] Here, the question as to the applicability of *res judicata* must be determined with respect to the Trust and LLC Defendants as opposed to the Benistar defendants as was at issue before Judge Meyer. However, the current parties do not otherwise contend that Judge Meyer misapprehended the applicable legal standards of *res judicata* under New York law.

The Trust and LLC Defendants argue that Universitas could have brought claims against them in the prior turnover proceedings because the claims "turn on facts that are related in time, space, [and] origin" insofar as the purpose of the proceedings before Judge Swain and before this Court is to recover life insurance proceeds that were fraudulently hidden from Universitas.[10] In response, Universitas contends that Judge Swain would not necessarily have had personal jurisdiction over the Trust defendants and Grist Mill, and that it did not have sufficient information at the time to plead alter ego and fraudulent transfer claims against them. Universitas further contends that it did not need to bring its new claims against the Trusts and Grist Mill in the prior proceeding "because the basis for its claim is not predicated on the same transaction or occurrence as the claims against the other turnover respondents." As to the remaining LLC Defendants, Universitas likewise contends that whether the Southern District of New York would have personal jurisdiction over them is unclear, and moreover, disputes the assertion that it knew of their existence prior filing its second turnover motion in October 2013. The Court agrees with the Trust and LLC Defendants that *res judicata* bars Plaintiff's claims.

Plaintiff's argument as to personal jurisdiction (or lack thereof) over the Trust and LLC Defendants is not persuasive. "[A]lter egos are treated as one entity" for jurisdiction purposes. *Transfield ER Cape Ltd. v. Indus. Carriers, Inc.*, 571 F.3d 221, 224 (2d Cir. 2009). In the prior action, Judge Swain found that the court had personal jurisdiction over the turnover respondents principally on the ground that they "should have reasonably expected their actions to create an injury in New York" because the actions were "designed fraudulently to render the prospective New York judgment unrecoverable, despite the fact that the actions may have been performed in

---

[10] Seir Hill, Birch Hill, Mill Pond, and Greyhound Partners additionally argue that ERISA preempts the unjust enrichment claims. Because the Court concludes that *res judicata* bars Universitas's claims against these Defendants, the Court does not address this argument.

10

Connecticut." *Universitas Educ., LLC v. Nova Group, Inc.*, No. 11-cv-1590 (LTS), 2014 WL 3883371, at *6 (S.D.N.Y. Aug. 7, 2014). Universitas alleges that Defendants comprise "a single economic entity" to facilitate Carpenter's criminal activities, and furthermore, that Carpenter controls directly or indirectly all Defendants and that he used that control "to conduct the frauds and other criminal conduct for which the Judgment Debtors have been found liable, including actions to the detriment of Universitas." *See* Am. Compl. at 4 ¶ 18, 12 ¶ 66. Accordingly, the court in the Southern District of New York would have had personal jurisdiction over the Trust Defendants and LLC Defendants for alter ego claims for substantially the same reasons Judge Swain held it had personal jurisdiction over the related respondents in the turnover proceedings.

Turning to the substantive question of *res judicata*'s application here, the Court first observes that the appropriate cut-off date for knowledge of these entities is not October 2013, when Universitas filed its second turnover motion. Rather, the question is whether Universitas could have brought its alter ego claims against the Trust and LLC Defendants prior to the final adjudication of the second turnover motion on August 7, 2014. *See In re Hunter*, 4 N.Y. 3d at 269 ("[O]nce a claim is brought to a *final conclusion*, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.") (emphasis added); *UBS Sec. LLC v. Highland Capital Mgmt., L.P.*, 86 A.D. 3d 469, 476, 927 N.Y.S. 2d 59 (N.Y. App. Div. 2011) (because plaintiff could have "moved to amend well before that complaint was dismissed" with allegations of fraud, *res judicata* appropriately applied). Further, Universitas's alter ego claims against these Defendants rely heavily on factual allegations drawn from the turnover proceedings before Judge Swain and from even earlier litigation involving Carpenter and entities he controls, and conversely, there are no factual allegations related to the alter ego claims that occurred subsequent to the August 2014 judgment. In short, both actions

appear to be "grounded on the same gravamen of the wrong," *i.e.*, the theft, diversion, and concealment of the life insurance proceeds. And given the factual overlap between the earlier turnover proceedings and the present alter ego claims, the claims would have formed a "convenient trial unit" before Judge Swain.

Nor are there allegations suggesting that the existence of these ten alleged alter egos was only discovered after the August 2014 judgment. Universitas does not contend otherwise for Grist Mill and the Trusts. *See* ECF No. 265 at 17–21. As to Mill Pond, Universitas offers no rebuttal to the argument that it knew of Mill Pond at the time of the turnover proceedings. *See* ECF No. 302 at 20.

The issue is less clear as to the remaining LLC Defendants, Seir Hill, Birch Hill, and Greyhound Partners. Notwithstanding, the Court concludes that Universitas knew enough at the time of the first two turnover proceedings to discover their existence and to bring alter ego claims against them. *See In re Alfonzo T.*, 79 A.D. 3d 1724, 1725, 914 N.Y.S. 2d 448 (N.Y. App. Div. 2010) (*res judicata* properly applied where petitioner could have discovered incidents that occurred during the same time frame complained of in prior petition "with the reasonable exercise of due diligence" and therefore "petitioner had a full and fair opportunity to litigate the instant theory"); *Saud v. Bank of New York*, 929 F. 2d 916, 920 (2d Cir. 1991) ("As a general rule, newly discovered evidence does not preclude the application of *res judicata*. . . . Exceptions to this rule exist when the evidence was either fraudulently concealed or when it could not have been discovered with due diligence.") (citation omitted). As found by Judge Swain during the first turnover proceeding, Carpenter "founded and controlled hundreds of companies out of his offices at 100 Grist Mill Road in Simsbury, Connecticut. . . . Some of these companies appear to have conducted a variety of businesses; among them was the management of welfare benefit and estate

planning trusts, including the Charter Oak Trust; others are holding or shell entities." *Universitas v. Nova Group, Inc.*, No. 11-cv-1590 (LTS), 2013 WL 6123104, at *2 (S.D.N.Y. Nov. 20, 2013). Moreover, Universitas engaged in "[e]xtensive post-judgment discovery." *Universitas*, 2015 WL 57097, at *1. So even though Universitas was keenly aware that Carpenter and the judgment debtors had hundreds of affiliated entities, Universitas either chose not to engage in further discovery to identify these Defendants[11] or had identified them but failed to name them in the earlier turnover proceedings. Under either scenario, *res judicata* is applicable. *Saud*, 929 F.2d at 920.

Indeed, within 43 days of the August 2014 judgment, Universitas served the LLC Defendants with restraining notices in which Universitas asserted that the LLC Defendants either owed a debt to one or more of the Judgment Debtors, or were "in possession of property in which one or more of the Judgment Debtors has an interest." The service of these restraining notices strongly supports the inference that Universitas was aware of the LLC Defendants during the second turnover proceedings but in any event is conclusive on the issue of whether with the exercise of due diligence Universitas would have discovered their existence.[12] *See* ECF Nos. 291-2; 292-3; 294-2.

Claim preclusion "depends on whether the same or connected transactions are at issue and the same proof is needed to support the claims in both suits or, in other words, whether facts essential to the second suit were present in the first suit." *Channer v. Dep't of Homeland Sec.*, 527 F.3d 275, 281 (2d Cir. 2008) (rejecting claim that the filing date for an amended complaint was

---

[11] Notably, Universitas does not affirmatively allege, or assert in opposition to the motion to dismiss, that it was *unaware* of these LLC defendants prior to the conclusion of the second turnover proceeding. *See* ECF No. 302 at 18–19.

[12] The Court may take judicial notice of filings on other dockets. *See Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004).

the dispositive date to determine "whether the subsequent proceeding raised claims that previously could have been raised"); *Ins. Co. of State of Pennsylvania*, 10 N.Y. 3d at 38 n.3 (New York's "approach to *res judicata* is arguably broader than the principles adopted by the federal courts."). Here, the allegations make clear that the fraudulent transfer and concealment of the life insurance policy proceeds to Seir Hill, Birch Hill, and Greyhound Partners occurred in 2010 to 2012. Am. Compl. at 27 ¶¶ 151–52, 29 ¶ 165–68; 33 ¶ 197. Because these claims "implicate events alleged to have taken place before the filing of the original complaint, *res judicata* applies." *UBS Sec. LLC*, 86 A.D. 3d at 474. *Contra American Federated Title Corp. v. GFI Management Servs., Inc.*, 39 F. Supp. 3d 516, 524 (S.D.N.Y. 2014) ("For a claim to be barred based on the fact that it *could* have been brought in a prior action, the claim logically must have arisen before the prior action. . . . Yet Plaintiff states that it was unaware that the judgment debtors had insufficient assets to pay the bankruptcy settlement until after judgment was entered."). And, as discussed above, Universitas does not allege that the existence of Seir Hill, Birch Hill, or Greyhound Partners was somehow hidden, fraudulently or otherwise, at any point before August 2014 in a manner that would have frustrated Universitas's ability to identify and bring alter ego claims against them. *See, e.g., Saud*, 929 F.2d at 920. While it likely would have been frustrating, and perhaps quite difficult, to seek turnover orders against potentially hundreds of Carpenter entities, this is not a basis to thwart the ultimate goal of *res judicata* — avoidance of piecemeal litigation and the finality of judgments. *See Paramount Pictures Corp. v. Allianz Risk Transfer AG*, 31 N.Y. 3d 64, 73, 96 N.E. 3d 737 (2018).

Accordingly, it is appropriate to apply *res judicata* in these circumstances because the facts underlying the alter ego claims against these defendants were known to Universitas during the earlier turnover proceedings before Judge Swain. *See Smith*, 54 N.Y.2d at 193–94 (applying *res*

*judicata* because "[t]here was no late discovery" and "no newly discovered facts had come to the fore, [so the new claim] would have to be proved circumstantially out of the same skein of known facts underlying the initial suit. Put another way, this theory of recovery was as available to the plaintiff then as it is now") (citation omitted).

Because the Court concludes that *res judicata* bars Universitas's claims against the Trust and LLC Defendants, the Court need not address the additional grounds for dismissal.[13] The motions to dismiss filed by the Trust and LLC Defendants are GRANTED (ECF Nos. 257, 261, 291, 292, 293, 294, and 301).

**Unjust Enrichment**

The Meckels argue that Universitas's claims against them are claims for fraudulent conveyance and as such, are barred by the applicable statute of limitations. Alternatively, even if accepted as a claim of unjust enrichment, Universitas fails to state a plausible unjust enrichment claim because the Meckels *paid* Birch Hill for the home which is the subject of the claim and were not therefore enriched at all, let alone unjustly. Universitas responds that because Birch Hill, which sold the property to the Meckels, was not a judgment debtor, there can be no CUFTA claim. The Court agrees with the Meckels.

Universitas acknowledges that if "a statutory scheme exists for the recovery of a benefit that is also recoverable at common law, the common law right may be resorted to only [if] the statutory procedures are inadequate." *Town of Plainville v. Almost Home Animal Rescue & Shelter, Inc.*, 182 Conn. App. 55, 69 (2018) (quoting *National CSS, Inc. v. Stamford*, 195 Conn. 587, 597

---

[13] As noted by Judge Meyer, the Court is cognizant that the application of *res judicata* may result in what appears to be an inequitable result, particularly, as Universitas has pointed out, where the Trust Defendants had made the opposite argument in their motion to dismiss the original complaint insofar as Plaintiff's alter ego claims failed because the Southern District of New York would have lacked subject matter jurisdiction over those claims. However, because the Trust and LLC Defendants have now properly raised the doctrine of *res judicata*, this Court declines to weigh the equities between the parties. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981).

(1985)). "Under the Connecticut Uniform Fraudulent Transfer Act[,] a transfer made by a debtor is fraudulent as to a creditor if the creditor's claim arose before the transfer was made and the transfer was made with 'actual intent to hinder, delay or defraud any creditor of the debtor.'" *Mirlis v. Greer*, No. 3:18-cv-2082 (MPS), 2019 WL 13125524, at *2 (D. Conn. 2019) (quoting Conn. Gen. Stat. § 52-552e(a)(1)). "A creditor is anyone with a claim, including a judgment." *Id.* (citing § 52-552b(3-4)). "A debtor is an individual liable for a claim." *Id.* (citing § 52-552b(5)). The Connecticut statute does not define "debtor" narrowly; indeed, it does not require a court to enter judgment or conclude that a party qualifies as a debtor. Based on Universitas's Amended Complaint, Birch Hill qualifies as a "debtor" under CUFTA because it is allegedly liable to Universitas for a portion of the fraudulent proceeds it received from Carpenter. Accordingly, because CUFTA was an adequate statutory remedy that Universitas failed to timely pursue against the Meckels, it cannot now rely on unjust enrichment to recover against them.

Even if such a claim was available to Universitas, Universitas's theory of liability defies logic and does not state a plausible unjust enrichment claim. The Meckels purchased a house from Birch Hill and paid market value. The transaction was profitable for Birch Hill. There is no claim that the Meckels received anything other than that for which they paid or that the Meckels retained those funds. *See Indyk v. Habib Bank Ltd.*, 694 F.2d 54, 57 (2d Cir. 1982) ("To offset on a theory of unjust enrichment, there must first be enrichment."). Therefore, any improperly obtained funds, even if used by Birch Hill to purchase the home in the first instance, remain with Birch Hill after the sale to the Meckels. Whether the Meckels were aware that the home had been purchased by Birch Hill with stolen life insurance proceeds is irrelevant to whether they were unjustly enriched

when they purchased and paid for the property. Accordingly, the Meckels' motion to dismiss is GRANTED (ECF No. 301).[14]

*Motion to Vacate*

In light of the Court's decision to dismiss Plaintiff's claims with prejudice, Grist Mill's motion to vacate the prejudgment attachment and security interest entered in favor of Plaintiff, *see* ECF Nos. 66, 338, is GRANTED (ECF No. 362).

## CONCLUSION

Defendants' motions to dismiss for lack of subject matter jurisdiction are DENIED, Defendants' motions to dismiss for failure to state a plausible claim are GRANTED, Carpenter Financial Group's motion to intervene is DENIED as moot, and Grist Mill's motion to vacate is GRANTED. The dismissal is with prejudice. The Clerk of the Court is directed to enter judgment in favor of all Defendants and to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 2nd day of August 2023.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE

---

[14] Carpenter Financial Group, Inc. moved to intervene pursuant to Rule 24 "to assist the Court in dismissing this case due to Fraud on the Court pursuant to Rule 60(d)(3)." *See* ECF No. 303 at 1. Because the Court has dismissed all of Plaintiff's claims, this motion is DENIED as moot.