No. 21-2690(L), 21-2691(CON)

# In the United States Court of Appeals for the Second Circuit

---

UNIVERSITAS EDUCATION, LLC,
Petitioner/Appellee,

vs.

GRIST MILL CAPITAL, LLC, ET AL,
Respondent/Appellant,

NOVA GROUP, INC, as Trustee, Sponsor and Named Fiduciary of The Charter Oak Trust Welfare Benefit Plan, GRIST MILL TRUST WELFARE BENEFIT PLAN, AVON CAPITAL LLC, CHARTER OAK TRUST WELFARE BENEFIT PLAN, PHOENIX CAPITAL MANAGEMENT, LLC, HANOVER TRUST COMPANY, CARPENTER FINANCIAL GROUP, INC.,
Respondents,

---

**RESPONSE BY GRIST MILL CAPITAL, LLC, JEFF SANDBERG, PALMER LEHMAN SANDBERG, PLLC AND JONATHAN J. EINHORN TO THE ATTORNEYS' FEES LISTING FILED BY UNIVERSITAS EDUCATION, LLC**

---

Jonathan J. Einhorn
Law Office of Jonathan J. Einhorn
129 Whitney Avenue, Suite 1
New Haven, Connecticut 06510
Telephone: (203) 777-3777

Jeffrey R. Sandberg
Palmer Lehman Sandberg, PLLC
8350 N. Central Expressway, Suite 1111
Dallas, TX 75206
Telephone: (214) 242-6454
Facsimile: (214) 265-1950
jsandberg@pamlaw.com

Comes now Grist Mill Capital, LLC, Jeff Sandberg, Esq., Palmer Lehman Sandberg, PLLC, and Jonathan J. Einhorn, Esq. and file this Response to the Attorneys' Fees Listing in Support of the Motion for Sanctions filed by Appellee Universitas Education, LLC.

# Table of Contents

I. Introduction ............................................................................................ 5

II. Attorney Manson's Affidavit States His Hourly Rate Is
$600 per Hour, not $900 per Hour. ................................................... 6

III. The $400/Hour Billing Rate by Manson's Associate Is
Overstated – Manson's Prior and More Experienced
Associate Billed at $400.00 According to Manson .......................... 7

IV. Sanctions May Not Be Awarded for the Attorneys' Fees
Regarding the Motion for Sanctions. ................................................ 8

V. Conclusion ............................................................................................ 9

Certificate of Compliance ...................................................................... 10

Certificate of Service, Digital Submission and Privacy Redactions ....... 11

## I. Introduction.

More than two months after the Mandate was issued, Appellee Universitas asked the Panel to sanction the Appellants and their attorneys and pointed to Footnote 3 of the Summary Order (ECF #98). While the Panel stated that Appellants' numerous challenges were frivolous or baseless in that footnote, the Panel also chose not to take further steps regarding sanctions. (ECF #98). After an initial response to Universitas's request was filed (ECF #137), Respondents were ordered to file a response to Universitas's motion for sanctions. (ECF #142)

The parties and counsel responded, stating that they are mindful of the language in Footnote 3, and asked that the Panel not impose sanctions. (ECF #137) On August 21, 2023, the Panel granted Universitas's motion and ordered Universitas to file affidavits and supporting information printer's bills, detailed time records, and supporting affidavits. (ECF #151)

On September 5, 2023, Universitas filed its supporting information. (ECF # 152)

As detailed below, Universitas's supporting information contains multiple issues and should not be accepted at face value. For example,

Universitas included time spent drafting the motion for sanctions while also admitting that Rule 38 does not authorize an award of the fees for drafting the motion for sanctions in the amount of $11,365.00. The Manson firm did not create any invoices from January 1, 2022 until May 31, 2023, which makes it appear that either the Manson firm was not keeping contemporaneous time records or that Universitas is not obligated to pay the Manson firm. Additionally, the invoices (ECF #152) use a false $900 per hour rate for Attorney Manson – as shown by the attached Manson Affidavit executed on January 21, 2022, Attorney Manson's hourly rate was $600 per hour. (Exh. A, Manson Affidavit[1])

## II. Attorney Manson's Affidavit States His Hourly Rate Is $600 per Hour, not $900 per Hour.

The Manson Affidavit states that Manson's billing rate is $900 per hour (Doc 152 ¶ 16) and this rate was used in the "Invoice" attached to the Manson Affidavit. (Doc 152 -p. 10/23) This billing rate is contradicted by Manson's Affidavit filed in the District of Connecticut on January 24, 2022. (Exh. 1, Manson Affidavit) Manson's January 24, 2022 Affidavit states that Manson's Hourly rate is $600.00 per hour "on this

---

[1] Manson's falsification of his hourly rate is shameful and intentional. Respondents are not filing a motion for sanctions, but it is presumed that Manson's conduct is unacceptable to the Panel.

[Connecticut] matter and its ancillary cases." (Exh. 1, Manson Affidavit ¶ 10) (emphasis added)

While Manson's intentional use of the false $900/hour rate supports a greater adjustment, the fees sought of $2,240 and $30,260 (totaling $32,500) should be reduced by at least 50% due to the Manson firm's use of inflated hourly rates. The resulting fees amount is $16,250.00. This amount does not include the attorneys' fees for the motion for sanctions – as discussed below and admitted by Universitas, these fees are not recoverable.

**III. The $400/Hour Billing Rate by Manson's Associate Is Overstated – Manson's Prior and More Experienced Associate Billed at $400.00 According to Manson**.

The Manson Affidavit states that Joseph Karam's billing rate is $400 per hour (Doc 152 ¶ 1) and this rate was used in the "Invoice" attached to the Manson Affidavit. (Doc 152 -p. 9/23) Manson's Affidavit filed in the District of Connecticut on January 24, 2022 shows that Manson's former associate, Ben Chernow, who was admitted to practice in Virginia and is more experienced than Karam, was $400.00. (Exh. 1, Manson Affidavit) Karam was admitted to the District of Columbia bar four years ago, in February 2019. The Manson's use of an inflated hourly

rate for the associate should result in a reduction of the requested fees – a 50% reduction is requested in section II above. [2]

## IV. Sanctions May Not Be Awarded for the Attorneys' Fees Regarding the Motion for Sanctions.

Universitas also requests sanctions on the attorneys' fees it represents that it incurred on the motion for sanctions. (Doc 152 p. 14) Universitas admits that Rule 38 does not permit the recovery of attorneys' fees incurred in seeking appellate sanctions. (Doc 152 § 20)

Universitas points generally to 28 U.S.C. § 1927 and this Panel's inherent power in search of support for the recovery of the attorneys' fees for the motion for sanctions, but ignores the limitation found in section 1927[3] that an award may only be made against attorneys. (Doc 152 § 20) Notably, Section 1927 does not authorize an award of attorneys' fees for drafting the appellate motion for sanctions[4], and Universitas wholly fails to point the Panel to any legal authorities supporting Universitas's

---

[2] The Panel is encouraged to reduce this amount further in its discretion because Manson intentionally falsified his hourly rate in his affidavit.

[3] Section 1927 authorizes an award of "excess costs, expenses, and attorneys' fees reasonably incurred" and does not authorize doubling the award. Respondents note that the Mandate awards costs of the appeal to Universitas.

[4] Sanctions under 28 U.S.C. § 1927 are not permitted unless there are "[]sufficient facts to conclude, with the required high degree of factual specificity, that [the respondent] acted to harass, delay, or for other improper purposes, and/or in bad faith . . .." , *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 178 (2d Cir. 2012) (cit. omitted).

request for the recovery of the attorneys' fees for the appellate court motion for sanctions. (Doc 152 § 20)

Counsel conducted the following search in the Lexis database for U.S. Federal appellate court cases:

> attorney! w/5 (fee or fees) with 40 (draft! or prepar!) w/30 motion w/20 sanctions

No appellate court opinions were located in the cases identified by the search regarding an award of appellate attorneys' fees for the drafting of the motion for sanctions in the appellate court. There is no supporting legal authority for Universitas's request.

## V. CONCLUSION

Grist Mill Capital, LLC, Jeff Sandberg, Palmer Lehman Sandberg, PLLC and Jonathan J. Einhorn respectfully request that the Panel limit the award of sanctions as requested in this Response.

Respectfully submitted,

*/s/ Jonathan J. Einhorn*
Jonathan J. Einhorn
Law Office of Jonathan J. Einhorn
129 Whitney Avenue
New Haven, Connecticut 06510
Telephone: (203) 777-3777

/s/ *Jeffrey R. Sandberg*
JEFFREY R. SANDBERG
Palmer Lehman Sandberg, PLLC
8350 N. Central Expressway,
Suite 1111
Dallas, TX 75206
Telephone (214) 242-6454
Facsimile: (214) 265-1950
E-mail: jsandberg@pamlaw.com

# CERTIFICATE OF COMPLIANCE

This Motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d) because it contains 1486 words, as determined by the word-count function of Microsoft Word 2016.

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Century Schoolbook font.

/s/ *Jonathan J. Einhorn*
Jonathan J. Einhorn

# CERTIFICATE OF SERVICE, DIGITAL SUBMISSION AND PRIVACY REDACTIONS

This is to certify that on this 18th day of September 2023, a true and correct copy of the foregoing instrument was served via ECF, to counsel of record.

☑ The undersigned further certifies that the digital submissions have been scanned for viruses on the above date with Trend Micro Security Agent and, according to the program, are free of viruses.

*/s/ Jonathan J. Einhorn*
Jonathan J. Einhorn