## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

**Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

### MOTION INFORMATION STATEMENT

**Docket Number(s):** 21-2690(L), 21-2691(CON)  **Caption [use short title]**

**Motion for:** Motion for Reconsideration/Reconsideration en banc

Set forth below precise, complete statement of relief sought:

Grant the motion for reconsideration/reconsideration en banc and vacate the Court's

August 21, 2023 Order and August 15, 2024 Order in this appeal.

UNIVERSITAS EDUCATION, LLC, PETITION +

vs.

GRIST MILL CAPITAL ET AL, RESPONDENT +

**MOVING PARTY:** Grist Mill Capital, LLC, Daniel E. Carpenter, Jeff Sandberg, Palmeer Lehman Sandberg, PLLC and appeal.  **OPPOSING PARTY:** Universitas Education, LLC

☐ Plaintiff ☐ Defendant

☑ Appellant/Petitioner ☐ Appellee/Respondent

**MOVING ATTORNEY:** Jeffrey R. Sandberg  **OPPOSING ATTORNEY:** Joe Manson

[name of attorney, with firm, address, phone number and e-mail]

Palmer Lehman Sandberg, PLLC

8350 N. Central Expressway, Suite 1111

Dallas, TX 75206

Law Office of Joseph L. Manson III

600 Cameron St., 4th Floor, Alexandria, VA 223 129

**Court- Judge/ Agency appealed from:** Southern District of New York - Hon. Judge Swain

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain): _____

Opposing counsel's position on motion:
☐ Unopposed ☑ Opposed ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes ☐ No ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this court? ☐ Yes ☐ No

Requested return date and explanation of emergency: _____

Is the oral argument on motion requested? ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set? ☐ Yes ☑ No  If yes, enter date: _____

**Signature of Moving Attorney:**

/s Jeff Sandberg  Digitally signed by /s Jeff Sandberg Date: 2024.08.28 17:00:17 -05'00'  **Date:** August 29, 2024  Service : ☑ Electronic ☐ Other [Attach proof of service]

**Form T-1080** (rev. 10-23)

No. 21-2690(L), 21-2691(CON)

# In the United States Court of Appeals for the Second Circuit

———————

UNIVERSITAS EDUCATION, LLC, Petitioner/Appellee,

vs.

GRIST MILL CAPITAL ET AL, Respondent/Appellant,

NOVA GROUP, INC, as Trustee, Sponsor and Named Fiduciary of The Charter Oak Trust Welfare Benefit Plan, GRIST MILL TRUST WELFARE BENEFIT PLAN, AVON CAPITAL LLC, CHARTER OAK TRUST WELFARE BENEFIT PLAN, PHOENIX CAPITAL MANAGEMENT, LLC, HANOVER TRUST COMPANY, CARPENTER FINANCIAL GROUP, INC., Respondents,

———————

## MOTION FOR RECONSIDERATION AND MOTION FOR RECONSIDERATION EN BANC BY GRIST MILL CAPITAL, LLC, DANIEL CARPENTER, JEFF SANDBERG, PALMER LEHMAN SANDBERG, PLLC AND JONATHAN J. EINHORN

———————

Jonathan J. Einhorn
Law Office of Jonathan J. Einhorn
129 Whitney Avenue, Suite 1
New Haven, Connecticut 06510
Telephone: (203) 777-3777

Jeffrey R. Sandberg
Palmer Lehman Sandberg, PLLC
8350 N. Central Expressway, Suite 1111
Dallas, TX 75206
Telephone: (214) 242-6454
Facsimile: (214) 265-1950
jsandberg@pamlaw.com

1

Come now Grist Mill Capital, LLC, Daniel Carpenter, Jeff Sandberg, Esq., Palmer Lehman Sandberg, PLLC, and Jonathan J. Einhorn, Esq. (collectively, "Respondents") and file this Motion for Reconsideration and Motion for Reconsideration *En Banc* regarding the August 21, 2023 Order (the "2023 Order") awarding sanctions and the August 15, 2024 Order (the "2024 Order") setting the amount of the sanctions issued in this appeal. Universitas's motion for sanctions should not have been granted.

# Table of Contents

Table of Contents ....................................................................... 3

Table of Authorities ................................................................. 5

I. Rule 35 Statement ............................................................. 10

    A. The 2023 Order Conflicts with Decisions of the Supreme Court and This Court. ......................................... 10

        1. Second Circuit Precedent Holds There Is No Timeliness Requirement for a Rule 60(b)(4) Motion Seeking to Vacate a Void Judgment. ............. 11

    B. The Order Conflicts with Decisions by Other Courts of Appeals. ................................................................. 12

    C. District Judge Swain Recognized that the Issue Whether GMC Waived its Personal Jurisdiction Defense Was a "Closer Issue." ..................................................... 13

    D. Universitas's Motion to Reopen the Appeal Was Untimely and Unsupportable Under Supreme Court and Second Circuit Precedent. ............................................... 15

II. Applicable Law – Appellate Sanctions. ....................... 16

III. There Is No Timeliness Requirement for a Rule 60(b)(4) Motion Seeking to Vacate a Void Judgment. ............ 18

    A. There Is No Timeliness Requirement According to Second Circuit Precedent. ................................................. 18

    B. The 2023 Order Erroneously Holds the Rule 60(b)(4) Motion Was Not Filed Timely Because the Opinions the 2023 Order Relies Upon Are Not Rule 60(b)(4) Opinions. ............ 19

IV.  The Argument That the District Court Lacked Personal
     Jurisdiction Over Grist Mill Capital Is Not Sanctionable –
     Judge Swain Wrote It was a "Closer Issue." .................................20

     A.    Applicable Law – Personal Jurisdiction. .............................20

     B.    GMC's Argument That Appellee Failed to Establish
           Personal Jurisdiction Over GMC Is Not Sanctionable. .......22

V.   The Argument That There Was No Waiver of Service of Process
     Is Not Sanctionable Because the Parties Had a Bona Fide
     Dispute over Service of Process. ....................................................24

VI.  The Brief's Argument Regarding Subject Matter Jurisdiction
     Is Sparse but Not Sanctionable. ....................................................25

VII. The Argument Regarding Rule 58 Is Not Sanctionable –
     the Rule Contains a Prompt Approval Requirement. ...................26

Conclusion .............................................................................................28

Certificate of Compliance.......................................................................29

Certificate of Service, Digital Submission and Privacy Redactions.......30

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Aponte v. City of New York Dep't of Corr.*,
   377 Fed. Appx. 99 (2nd Cir. 2010)........................................................ 16

*Bell Helicopter Textron, Inc. v. Islamic Republic of Iran*,
   734 F.3d 1175 (D.C. Cir. 2013) ............................................................ 12

*Beller & Keller v. Tyler*,
   120 F.3d 21 (2d Cir. 1997) .................................................................. 12

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*,
   137 S. Ct. 1773, 198 L. Ed. 2d 395 (2017) ........................................... 22

*British Int'l Ins. Co. v. Seguros la Republica, S.A.*,
   354 F.3d 120 (2d Cir. 2003)................................................................. 15

*Brown v. Lockheed Martin Corp.*,
   814 F.3d 619 (2d Cir. 2016) ................................................................ 22

*Calderon v. Thompson*,
   523 U.S. 538, 549-50 (1998)................................................................ 15

*Chufen Chen v. Dunkin' Brands, Inc.*,
   954 F.3d 492 (2d Cir. 2020) ................................................................ 14

*Enmon v. Prospect Cap. Corp.*,
   675 F.3d 138 (2d Cir. 2012)................................................................. 18

*Epperson v. Ent. Express, Inc.*,
   242 F.3d 100 (2d Cir. 2001)........................................................... 25, 26

*Gater Assets Ltd. v. Moldovagaz*,
   2 F.4th 42 (2d Cir. 2021)............................................................... 11, 12

*Grace v. Bank Leumi Tr. Co. of N.Y.*,
443 F.3d 180 (2d Cir. 2006) ..................................... 11, 12, 20

*Gucci Am., Inc. v. Bank of China*,
768 F.3d 122 (2d Cir. 2014) ...................................... 15

*H.C. Cook Co. v. Beecher*,
172 F. 166 (D. Conn. 1909), *aff'd*, 217 U.S. 497,
54 L. Ed. 855, 30 S. Ct. 601 (1910)............................... 26

*In re Hartford Textile Corp.*,
659 F.2d 299 (2d Cir. 1981) (per curiam), *cert. denied*,
455 U.S. 1018 (1982). .............................................. 17

*Hawaii Housing Authority v. Midkiff*,
463 U.S. 1323 (1983)............................................... 15

*Insurance Corp. of Ireland, Ltd.
v. Compagnie des Bauxites de Guinee*,
456 U.S. 694 (1982)............................................... 12

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945)............................................... 21
*Irvin v. Harris*,
944 F.3d 63 (2d Cir. 2019) ...................................... 12, 20

*Jackson v. FIE Corp.*,
302 F.3d 515 (5th Cir. 2002)..................................... 18

*Kellogg v. Watts Geurra LLP*,
41 F.4th 1246 (10th Cir. 2022). .................................. 26

*Kemp v. United States*,
142 S. Ct. 1856 (2022) ........................................... 18

*Meadows v. Dominican Republic*,
817 F.2d 517 (9th Cir. 1987)..................................... 19

*Misco Leasing, Inc. v. Vaughn*,
  450 F.2d 257 (10th Cir. 1971)..............................................................19

*Oliveri v. Thompson*,
  803 F.2d 1265 (2d Cir. 1986)..............................................................17

*Peacock v. Thomas*,
  516 U.S. 349 (1996)...............................................................................25

*"R" Best Produce, Inc. v. DiSapio*,
  540 F.3d 115 (2d Cir. 2008) ................................................................12

*Rodd v. Region Constr. Co.*,
  783 F.2d 89 (7th Cir. 1986)..................................................................19

*Runway Development Group v. Pentagen Technologies
International Limited*,
  396 F.Supp.2d 471 (S.D.N.Y. 2005)....................................................25

*Sargent v. Columbia Forest Prods., Inc.*,
  75 F.3d 86, 89 (2d Cir. 1996)..............................................................15

*Schlaifer Nance & Co. v. Estate of Warhol*,
  194 F.3d 323 (2d Cir. 1999)................................................................17

*Schwab Short-Term Bond Mkt. Fund v. Lloyds Banking Grp. PLC*,
  22 F.4th 103 (2d Cir. 2021)................................................................21

*Siasia v. Fédération Internationale de Football Ass'n*,
  No. 22-72, 2022 U.S. App. LEXIS 36512 (2d Cir. 2022). ..............21, 22

*Singleton v. Wulff*,
  428 U.S. 106, 96 S. Ct. 2868, 49 L. Ed. 2d 826 (1976). ......................16

*State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*,
  374 F.3d 158 (2d Cir. 2004) ................................................................12

*Taylor v. United States,*
    822 F.3d 84, 91 (2nd Cir. 2016). .......................................................... 16

*United States v. One Toshiba Color Television,*
    213 F.3d 147 (3d Cir. 2000) ................................................................. 19

*V.T.A., Inc. v. Airco, Inc.,*
    597 F.2d 220 (10th Cir. 1979) .............................................................. 13

*Walden v. Fiore,*
    571 U.S. 277 (2014) .............................................................................. 21

*Waldman v. Palestine Liberation Org.,*
    835 F.3d 317 (2d Cir. 2016) ................................................................. 21

*Wasserman Media Grp., LLC v. Bender,*
    10 CIV. 8783 SAS, 2012 WL 1506181 (S.D. N.Y. 2011). ............... 25

*Wolters Kluwer Fin. Servs., Inc. v. Scivantage,*
    564 F.3d 110 (2d Cir. 2009). ............................................................... 17

**Statutes & Other Authorities:**

Fed. R. App. P. 35 .................................................................. 10

Fed. R. Civ. P. 58(b) ............................................................ 27

Fed. R. Civ. P. 60 (b) ............................................................ 27

# I. Rule 35 Statement

Respondents are not attacking the Panel's holdings in the February 23, 2023 Summary Order, but instead are addressing the holdings in the context of the Appellants' arguments in Appellants' briefing. Respondents respect the Panel's decision in the underlying appeal, but Respondents disagree that Appellant's arguments are presented in bad faith and sanctionable.

Further, Universitas' motion to reopen the appeal was filed more than four months after the Court's February 23, 2023 Opinion and more than two months after the Court's Order on April 12, 2023, and Universitas's motion provides: (1) no reason for Universitas's delay until after this Court lost jurisdiction over the appeal; and (2) no "extraordinary circumstances" that would support recalling the mandate.

## A. The 2023 Order Conflicts with Decisions of the Supreme Court and This Court.

First, *en banc* consideration is necessary to secure or maintain uniformity of the Court's decisions because the Panel's decision conflicts with decisions of the Supreme Court and this Court. Consideration by the full Court is therefore necessary to secure and maintain uniformity of this Court's decisions. FED. R. APP. P. 35.

Fundamentally, the substantive issue was this: Is a third-party non-judgment debtor business entity (GMC) automatically subject to being sued in the foreign state (S.D.N.Y.) that entered a judgment when the judgment creditor's (Appellee) claim is that a judgment debtor transferred an asset/funds to the third-party (GMC)? Stated somewhat differently, does a District Court automatically have personal jurisdiction over a non-resident transferee? In this case, because Appellee's sole accusation is that GMC received funds, there was no personal jurisdiction over GMC.

1.      **Second Circuit Precedent Holds There Is No Timeliness Requirement for a Rule 60(b)(4) Motion Seeking to Vacate a Void Judgment.**

The 2023 Order recognizes that GMC is challenging the District Court's personal jurisdiction and that service of process was improper, but holds that GMC failed to seek relief "in a timely fashion." (2023 Order pp. 3, 4) As recently as 2021, this Court wrote "'[a] motion to vacate a default judgment as void' under Rule 60(b)(4), however, usually 'may be made at any time.'" *Gater Assets Ltd. v. Moldovagaz*, 2 F.4th 42, 53 (2d Cir. 2021) (quoting *Grace v. Bank Leumi Tr. Co. of N.Y.*, 443 F.3d 180, 190 (2d Cir. 2006).

**"In fact, it has been oft-stated that, for all intents and purposes, a motion to vacate a default judgment as void 'may be made at any time.'"** *State St. Bank [& Trust Co. v. Inversiones Errazuriz Limitada]*, 374 F.3d [158], 179 [(2d Cir. 2004)] (quoting *Beller & Keller v. Tyler*, 120 F.3d 21, 24 (2d Cir. 1997)) (emphasis added).

*Grace*, 443 F.3d at 190; *Irvin v. Harris*, 944 F.3d 63, 67 n. 3 (2nd Cir. 2019); *see "R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 123–24 (2d Cir. 2008) (quoting Second Circuit precedent from 2003, 1998, 1997 and 1963, holding the Rule 60(b)(4) motion was not untimely). "'A defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds.'" *Disapio*, at 123 (quoting *Insurance Corp. of Ireland, [Ltd. v. Compagnie des Bauxites de Guinee]*, 456 U.S. 694[, 706 (1982)]; other cit. omitted).

By holding that the Rule 60(b)(4) motion asserting the judgment was void was not made within a reasonable time, the Order conflicts with both the Supreme Court's and this Court's clear precedent. *See Insurance Corp. of Ireland, Ltd.*, 456 U.S. at 706; *Gater Assets Ltd.*, 2 F.4th at 53.

## B. The Order Conflicts with Decisions by Other Courts of Appeals.

Other circuits hold that there is no reasonableness requirement for Rule 60(b)(4) motions, a partial list includes: *Bell Helicopter Textron, Inc.*

*v. Islamic Republic of Iran*, 734 F.3d 1175, 1179 (D.C. Cir. 2013); *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 n.9 (10th Cir. 1979) (void judgment is a nullity, therefore motion is filed within a reasonable time). Thus, the proceeding involves a question of exceptional importance for an additional reason: the Orders conflicts with decisions of other Courts of Appeals that held there is no timeliness requirement when a Rule 60(b)(4) motion seeks to vacate a void default judgment.

## C. District Judge Swain Recognized that the Issue Whether GMC Waived its Personal Jurisdiction Defense Was a "Closer Issue."

The Order states on page 6 that GMC waived its personal jurisdiction defense. GMC's first act following Appellee's filing the Second Motion for Turnover Relief which seeks to add GMC as a party was to join in the opposition filed on November 20, 2013. (USA146)[1] The supporting memorandum in opposition was signed by GMCs counsel,

---

1 References to the appellate record shall be made as follows:

     Appendix –App. Vol.x, A-xx       Special Appendix – SPA-xx

     Dkt - District Court Docket

     Supplemental Appendix by Appellee Universitas – USA- xx

Attorney Bernstein. (USA175) In summary, GMC is included in the listing of business entities that comprise the defined term "Respondents" so that the lack of personal jurisdiction was also argued by GMC as follows: "Universitas fails to establish, or even allege, that *Respondents* have any contacts with the State of New York, much less minimum contacts so as to justify haling it into court in New York." (USA-165) (emphasis added)

Judge Swain considered this issue a "closer question" (SPA-32) but unfortunately did not see that GMC was a "Respondent" that argued there were insufficient contacts in GMC's first significant defense move – the response brief. (SPA-33) In this case, because Appellee's sole accusation was that GMC received funds, there is no personal jurisdiction over GMC. Still, because the District Court considered this issue a "closer question," the argument is not sanctionable.

Analogously, if a bank with offices in New York is not subject to specific jurisdiction in New York, and if Dunkin Donuts is not subject to specific jurisdiction in New York despite running commercials directed to New York consumers, how is there possibly personal jurisdiction over GMC, which has no alleged contacts/activities in New York? *See Chufen*

*Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 500 (2d Cir. 2020) (citing *Gucci Am., Inc. v. Bank of China*, 768 F.3d 122, 135 (2d Cir. 2014) (bank not subject to general personal jurisdiction where it has branch offices in the forum but is headquartered and incorporated elsewhere)).

## D. Universitas's Motion to Reopen[2] the Appeal Was Untimely and Unsupportable Under Supreme Court and Second Circuit Precedent.

"[R]ecalling a mandate is an "extraordinary remedy." *Hawaii Housing Authority v. Midkiff*, 463 U.S. 1323, 1325 (1983). "[T]his power is to be exercised sparingly . . . and reserved for exceptional circumstances." *Sargent v. Columbia Forest Prods., Inc.*, 75 F.3d 86, 89 (2d Cir. 1996) (citations and internal quotation marks omitted). "'The sparing use of the power demonstrates it is one of last resort, to be held in reserve against grave, unforeseen contingencies.'" *British Int'l Ins. Co. v. Seguros la Republica, S.A.*, 354 F.3d 120, 123 (2d Cir. 2003) (quoting *Calderon v. Thompson*, 523 U.S. 538, 549-50 (1998)). "[T]he power can be exercised only in extraordinary circumstances." *Calderon*, 523 U.S. at 550. "[R]ecalling a mandate is an unusual remedy intended for

_____

[2] Universitas did not file a motion to recall the mandate; it instead filed a motion to reopen the appeal. No order was entered recalling the mandate in this appeal.

extraordinary circumstances." *Taylor v. United States*, 822 F.3d 84, 91 (2nd Cir. 2016) (cit. omitted).

"[T]he remedy of recalling the mandate is not to be liberally provided, and [the Court] will not recall the mandate where a [party] fails to act with diligence in seeking relief." *Taylor*, 822 F.3d at 92-93. A request to recall the mandate so that a claim can be added is not, by itself, a valid reason to reopen an appeal. *Aponte v. City of New York Dep't of Corr.*, 377 Fed. Appx. 99 (2nd Cir. 2010) (refusing to reopen appeal) (quoting *Singleton v. Wulff*, 428 U.S. 106, 120, 96 S. Ct. 2868, 49 L. Ed. 2d 826 (1976).

The inadequacies of the authorities relied upon by Universitas in its motion and the lack of factual support for Universitas's filing delay until months after this Court issued its mandate and no longer had jurisdiction are detailed in Respondents' July 3, 2023 Response.

## II.    Applicable Law – Appellate Sanctions

"If a court of appeals shall determine that an appeal is frivolous, it may . . . award just damages and single or double costs to the appellee." FED. R. APP. P. 38. "[A] clear showing of bad faith" is required before there is a "highly unusual instance[]" permitting an imposition of

sanctions under Rule 38. *In re Hartford Textile Corp.*, 659 F.2d 299, 305 (2d Cir. 1981) (per curiam), *cert. denied*, 455 U.S. 1018 (1982) (cit. omitted). "Courts should be sensitive to the impact of sanctions on attorneys . . . [t]hey can be economically punishing, as well as professionally harmful." *Oliveri v. Thompson*, 803 F.2d 1265, 1280 (1986).

> "In order to impose sanctions pursuant to its inherent power, a district court must find that: (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, i.e., motivated by improper purposes such as harassment or delay." *Schlaifer Nance* [*& Co. v. Estate of Warhol*], 194 F.3d [323 336 [(2d Cir. 1999)]; *see also id.* at 337 (holding that a claim is "entirely without color when it lacks any legal or factual basis. Conversely, a claim is colorable when it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim.") (internal citations omitted). Although both findings "must be supported by a high degree of specificity in the factual findings," *Wolters Kluwer* [*Fin. Servs., Inc. v. Scivantage*], 564 F.3d [110,] 114 (2d Cir. 2009), "bad faith may be inferred 'only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay,'" *Schlaifer Nance*, 194 F.3d at 336 (citation omitted).

> The showing of bad faith required to support sanctions under 28 U.S.C. § 1927 is "similar to that necessary to invoke the court's inherent power." *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986). In practice, "the only meaningful

difference between an award made under § 1927 and one made pursuant to the court's inherent power is . . . that awards under § 1927 are made only against attorneys or other persons authorized to practice before the courts while an award made under the court's inherent power may be made against an attorney, a party, or both." *Id.*

*Enmon v. Prospect Cap. Corp.*, 675 F.3d 138, 143–44 (2d Cir. 2012).

Put another way, a Rule 60(b)(4) motion to vacate a void judgment is automatically brought in a reasonable time.

## III. There Is No Timeliness Requirement for a Rule 60(b)(4) Motion Seeking to Vacate a Void Judgment.

Justice Sotomayor's concurrence in *Kemp* states: "What constitutes reasonable time necessarily depends on the facts in each individual case." *Kemp v. United States*, 596 U.S. 528, 540 (2022) (cit. omitted).

## A. There Is No Timeliness Requirement According to Second Circuit Precedent.

As shown by the authorities cited above, there is no timeliness requirement because the Rule 60(b)(4) Motion sought to vacate a void default judgment. (SPA17, SPA22) A number of Second Circuit opinions are cited above, but additional circuits hold that there is no timeliness requirement when a Rule 60(b)(4) motion seeks to vacate a void judgment. *Jackson v. FIE Corp.*, 302 F.3d 515, 523 (5th Cir. 2002) ("there

is no time limit on Rule 60(b)(4) motions"); *United States v. One Toshiba Color Television*, 213 F.3d 147, 157 (3d Cir. 2000) ("nearly overwhelming authority...for the proposition that there are no time limits with regards to a challenge to a void judgment because of its status as a nullity"); *Rodd v. Region Constr. Co.*, 783 F.2d 89, 91 (7th Cir. 1986) ("the reasonable time criterion of Rule 60(b) as it relates to void judgments, means no time limit, because a void judgment is no judgment at all."); *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987) ("There is no time limit on a Rule 60(b)(4) motion to set aside a judgment as void."); *Misco Leasing, Inc. v. Vaughn*, 450 F.2d 257, 260 (10th Cir. 1971) (explaining that motions under Rule 60(b)(4) need not be filed within any particular time if the judgment is a nullity for want of jurisdiction).

**B.  The 2023 Order Erroneously Holds the Rule 60(b)(4) Motion Was Not Filed Timely Because the Opinions the 2023 Order Relies Upon Are Not Rule 60(b)(4) Opinions.**

Respondents are not attacking the Orders. However, Respondents' argument is not in bad faith and should *not* be sanctionable because, while the 2023 Opinion relies upon a series of Second Circuit opinions on pages 4 & 5 in support of its holding, none are Rule 60(b)(4) opinions. Instead, the opinions cited are all concerning Rule 60(b) generally, or

subsections (1) & (6). The applicable law is regarding Rule 60(b)(4) motions seeking to vacate a void judgment – there is no timeliness requirement. *See Insurance Corp. of Ireland, Ltd.*, 456 U.S. at 706; *Grace*, 443 F.3d at 190.

Again, there is no discretion – if a judgment is void, the Court must vacate the void judgment. *See Irvin*, 944 F.3d at 68. While the Panel disagreed with Appellants' argument, Appellants' reliance upon the precedential authorities should not be sanctioned as there is no bad faith.

## IV. The Argument That the District Court Lacked Personal Jurisdiction Over Grist Mill Capital Is Not Sanctionable – Judge Swain Wrote It was a "Closer Issue."

District Court Judge Laura Swain wrote in the September 28, 2021 Order that the issue of personal jurisdiction over GMC was a "closer question." (SPA-33) While the Summary Order demonstrates that these arguments were unpersuasive, the arguments were not advanced in bad faith, and instead are colorable claims with legal and factual support.

## A. Applicable Law – Personal Jurisdiction.

Before a court may exercise personal jurisdiction over a defendant, three requirements must be met: (1) "the plaintiff's service of process upon the defendant must have been procedurally proper"; (2) "there must

be a statutory basis for personal jurisdiction that renders such service of process effective"; and (3) "the exercise of personal jurisdiction must comport with constitutional due process principles." *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 327–28 (2d Cir. 2016). As the Supreme Court has long held, due process demands that each defendant over whom a court exercises jurisdiction have some "minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *see also Waldman*, 835 F.3d at 330–31; *Schwab Short-Term Bond Mkt. Fund v. Lloyds Banking Grp. PLC*, 22 F.4th 103, 121 (2d Cir. 2021). "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014).

"[F]or a court to exercise specific jurisdiction over a claim there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place **in the forum State**." *Siasia v. Fédération Internationale de Football Ass'n*, No. 22-72, 2022 U.S. App. LEXIS 36512 (2d Cir. 2022) (emphasis added) (citing

B*ristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 137 S. Ct. 1773, 1781,

198 L. Ed. 2d 395 (2017) (internal quotation marks and citation omitted;

alteration in original).

## B.  GMC's Argument That Appellee Failed to Establish Personal Jurisdiction Over GMC Is Not Sanctionable.

"*Daimler* established that, except in a truly "exceptional" case, a

corporate defendant may be treated as "essentially at home" only where

it is incorporated or maintains its principal place of business. *Brown v.

Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016) (cit. omitted).

Because GMC was a Delaware entity and maintained its principal place

of business in Connecticut, there was no general jurisdiction over GMC

in New York. (Dkt 697, App Vol 2, A-390-91)

The assertion of a claim that GMC received funds was also

insufficient to establish general jurisdiction and specific jurisdiction over

GMC – this is simply not "[an] activity or an occurrence that takes place

**in the forum State**." *See Siasia* U.S. App. LEXIS 36512 at \*4; *see also*

B*ristol-Myers Squibb Co.*, 137 S. Ct. at 1781.

GMC's presence through counsel at the May 9, 2013 hearing (USA-

22) occurred <u>before</u> the filing of the applicable Second Motion for

Turnover Order on October 21, 2013 which sought to add GMC as a party.

(Dkt. 308, App. Vol. 1, A-61) No relief was sought against GMC in Appellee's prior request for turnover relief regarding certain insurance policy proceeds on real property owned by Moonstone Partners, LLC. (Dkt 219, App Vol 1, A-47, 48) GMC's attendance as a non-party <u>before</u> claims were asserted against GMC is not a waiver of personal service.

After the Second Motion for Turnover was filed by Appellee, GMC's first filing challenged personal jurisdiction. GMC joined in the argument that the District Court lacked personal jurisdiction over GMC in the joint Memorandum of Law opposing turnover relief. (USA-153) Notably, GMC is included in the listing of business entities that comprise the defined term "Respondents" and GMC's counsel signed the Memorandum of Law. (USA-153, 175) GMC is included in the arguments made opposing personal jurisdiction because GMC is one of the "Respondents." (USA-164)

Similarly, because GMC is one of the "Respondents" the lack of personal jurisdiction was also argued by GMC as follows: "Universitas fails to establish, or even allege, that *Respondents* have any contacts with the State of New York, much less minimum contacts so as to justify haling it into court in New York." (USA-165) (emphasis added)

Finally, the September 28, 2021 Order (SPA-22) references a May 9, 2013 trial and November 22, 2013 hearing, but, again, the May 9, 2013 trial is before the relevant proceedings on the Second Motion for Turnover Order, which was filed on October 21, 2013 (Dkt. 308, App. Vol. 1, A-61) and no turnover relief was sought against GMC in the earlier Show Cause Order. (Dkt 219, App A-47, 48)

## V. The Argument That There Was No Waiver of Service of Process Is Not Sanctionable Because the Parties Had a Bona Fide Dispute over Service of Process.

The argument as to the insufficiency of service of process is based upon disputed facts. Both Mr. Carpenter and Grist Mill Capital maintained that the Turnover Judgment was void as they never waived formal service. The District Court did not agree and this was raised as one of the grounds for appeal. Essentially, the Court's finding of adequate service of process was based upon a supplemental affidavit filed by Universitas and a finding that Appellants agreed to accept service by email.

In its brief, Appellants argued that the facts did not justify such a finding, and cited various cases for the proposition that an independent action should have been brought to include non-parties to the Turnover

Action and that they could not just be added by motion. *See* e.g., *Wasserman Media Grp., LLC v. Bender,* 10 CIV. 8783 SAS, 2012 WL 1506181 (S.D. N.Y. 2011); *Runway Development Group v. Pentagen Technologies International Limited,* 396 F.Supp.2d 471, 474-75 (S.D.N.Y. 2005) (party seeking to collect required to file new proceeding). The District Court disagreed in analyzing the service of process issue.

## VI. The Brief's Argument Regarding Subject Matter Jurisdiction Is Sparse but Not Sanctionable.

On pages 6 & 7, the Summary Order accurately states that the argument in Appellants' Brief on this issue consists of a block quote from *Peacock v. Thomas*, 516 U.S. 349 (1996). The Order also holds that *Peacock* does not negate personal jurisdiction in this type of case, citing *Epperson v. Ent. Express, Inc.*, 242 F.3d 100 (2d Cir. 2001).

Admittedly, the Appellants' Brief should have provided more legal authorities in support of this argument and also provided argument showing why *Epperson* did not apply in this case. Appellants' Brief should also have included citations to the appellate record. However, on page 27, Appellants' Reply Brief contains arguments seeking to distinguish *Epperson*, pointing out that Universitas's Motion for Turnover argued alter ego theory, reverse veil piercing and piercing the corporate veil,

citing to Dkt. 309, pp. 8, 16-17 & 26, which would properly be outside the scope of *Epperson's* holding and fall within the scope of *H.C. Cook Co. v. Beecher*, 172 F. 166 (D. Conn. 1909), *aff'd*, 217 U.S. 497, 54 L. Ed. 855, 30 S. Ct. 601 (1910) as an independent cause of action. *See Epperson*, 242 F.3d at 104 ("veil-piercing claims in a subsequent action require an independent jurisdictional basis").

Still, the brevity of this argument in Appellants' Brief indicates that there was no intent to make a frivolous argument and that this argument was not brought in bad faith.[3]

## VII. The Argument Regarding Rule 58 Is Not Sanctionable – the Rule Contains a Prompt Approval Requirement.

On page 7 of the Summary Order, the Court held that Rule 58(b)(2)'s requirement that judgments such as the one at issue be

---

[3] As pointed out in the July 3, 2023 Response, Universitas's June 23, 2023 Motion: (1) wholly lacked citations to relevant authorities on the subject of recalling a mandate and (2) inaccurately cited *Kellogg v. Watts Geurra LLP*, 41 F.4th 1246, 1269 (10th Cir. 2022) for a <u>nonexistent holding</u>. The July 3, 2023 Response does not seek sanctions against Universitas or its counsel for these acts. Similarly, sanctions were not sought against Universitas and its attorney in Case No. 23-1207 before this Court, in which the Panel affirmed the District Court's holding (twice) that Universitas's claims were barred by res judicata and that Universitas could not succeed on its request for a constructive trust because it is a remedy, not a cause of action. If Universitas is entitled to sanctions in this appeal, shouldn't Universitas be sanctioned for its conduct?

approved does not require a signature. The Court also held that the statement in the 2021 order that Judge Swain approved the 2014 order was sufficient.

The Turnover Judgment was required to be approved because it contained more than an award of costs and a sum certain, as the Turnover Judgment: (1) denied the request for permanent injunction, (2) denied the request for equitable relief, (3) terminated the temporary injunction; and (4) denied the request to modify the temporary injunction. *See* FED. R. CIV. P. 58(b)(2). Appellants' Brief properly cited to legal authorities in support of this argument.

Further, there was a good faith basis for arguing that the 2021 Order's statement was insufficient because Rule 58 requires that the District Court promptly approve the form of the 2014 Turnover Judgment.

In conclusion, this argument was not brought in bad faith or for an improper purpose, even though the Court was not persuaded.

## CONCLUSION

Grist Mill Capital, LLC, Daniel Carpenter, Jeff Sandberg, Esq., Palmer Lehman Sandberg, PLLC, and Jonathan J. Einhorn, Esq. respectfully request that the Court grant this Motion, consider the motion *en banc*, withdraw the Court's 2023 Order and 2024 Order, and grant Respondents such additional relief to which Respondents are entitled at law or equity.

/s/ Jeffrey R. Sandberg
Jeffrey R. Sandberg
PALMER LEHMAN SANDBERG, PLLC
8350 North Central Expressway,
Suite 1111
Dallas, Texas 75206
(214) 242-6454

Jonathan J. Einhorn
Law Office of Jonathan J. Einhorn
129 Whitney Avenue, Suite 1
New Haven, Connecticut 06510
Telephone: (203) 777-3777

# CERTIFICATE OF COMPLIANCE

This Motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 42(b)(1) because it contains 3,872 words excluding the parts of the brief exempted by Fed. R. App. P. 32(f) as determined by the word-count function of Microsoft 365 Microsoft Word.

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

/s/ Jeffrey R. Sandberg
Jeffrey R. Sandberg
PALMER LEHMAN SANDBERG, PLLC
8350 North Central Expressway,
Suite 1111
Dallas, Texas 75206
(214) 242-6454

## CERTIFICATE OF SERVICE,
## DIGITAL SUBMISSION AND PRIVACY REDACTIONS

This is to certify that on this 29th day of August 2024, a true and correct copy of the foregoing instrument was served via ECF, to counsel of record.

☑ The undersigned further certifies that the digital submissions have been scanned for viruses on the above date with Trend Micro Security Agent and, according to the program, are free of viruses.

/s/ Jeffrey R. Sandberg
Jeffrey R. Sandberg
PALMER LEHMAN SANDBERG, PLLC
8350 North Central Expressway,
Suite 1111
Dallas, Texas 75206
(214) 242-6454

# UNITED STATES COURT OF APPEALS
# FOR THE
# SECOND CIRCUIT

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of August, two thousand twenty-three.

Before:     Dennis Jacobs,
            Eunice C. Lee,
            Myrna Pérez,
                *Circuit Judges,*

_____

Universitas Education, LLC,

                    Petitioner - Appellee,                 **ORDER**

v.                                                        Docket Nos. 21-2690(L), 21-2691(Con)

Grist Mill Capital, LLC,

                    Respondent - Appellant,

Nova Group, Inc, et al.,

                    Respondents,

Daniel E. Carpenter,

                    Movant - Appellant.

_____

Appellee Universitas Education, LLC requests that the Court impose sanctions, in the form of double costs and attorneys' fees, jointly and severally against Appellants Grist Mill Capital, LLC and Daniel Carpenter and Appellants' counsel.

IT IS HEREBY ORDERED that the motion for sanctions is GRANTED. Within 14 days of the date of this order, Appellee's counsel must submit printer's bills, detailed time records, and supporting affidavits for the time expended on this appeal.

For the Court**:**
Catherine O'Hagan Wolfe,
Clerk of Court



S.D.N.Y. – N.Y.C.
11-cv-1590
Swain, C.J.

# United States Court of Appeals
FOR THE
## SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of August, two thousand twenty-four.

Present:
> Dennis Jacobs,
> Eunice C. Lee,
> Myrna Pérez,
> *Circuit Judges.*

---

Universitas Education, LLC,

> *Petitioner-Appellee,*

> v.

Grist Mill Capital, LLC,

> *Respondent-Appellant,*

21-2690 (L),
21-2691 (Con)

Nova Group, Inc, as Trustee, Sponsor and Named Fiduciary of The Charter Oak Trust Welfare Benefit Plan, et al.,

> *Respondents,*

Daniel E. Carpenter,

> *Movant-Appellant.*

---

We previously determined that Appellee should be awarded double costs and attorney's fees under Federal Rule of Appellate Procedure 38, and directed Appellee's counsel to address the amount to be awarded. 2d Cir. 21-2690, doc. 151 (Order). Upon due consideration of the parties' submissions, it is hereby ORDERED that Rule 38 sanctions are awarded to Appellee in the following amounts: double costs of $1,472 for the appeal; $32,000 in attorney's fees for the

prosecution of the appeal; and $11,365 for fees and costs associated with the Rule 38 motion—for a total of $44,837.  It is further ORDERED that Appellants and their attorneys be jointly and severally responsible for the sanctions and that the sanctions be paid within 60 days of the date of this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

2