# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC<br><br>*Petitioner-Appellee,*<br><br>v.<br><br>GRIST MILL CAPITAL ET AL.<br><br>*Respondent-Appellant.* | Nos. 21-2690(L), 21-2691(C) |

## **OPPOSITION TO MOTION FOR RECONSIDERATION**

1

Appellee Universitas Education, LLC ("Universitas") respectfully files its Opposition to the Motion for Reconsideration filed by Appellants Grist Mill Capital, LLC ("Grist Mill") and Daniel Carpenter (collectively "Appellants"). In support of its Opposition, Universitas states as follows.

## **INTRODUCTION**

Appellants Grist Mill Capital, LLC's and Daniel Carpenter's Motion to Reconsider is yet another example of the bad faith and continued obfuscation that has characterized their litigation strategy since 2008, and which was the basis for sanctions both before this Court and in the underlying proceeding. Appellants' Motion to Reconsider is nothing more than a restatement of the arguments it has already made at least three times before this Court, and which have been rejected time and time again.

Appellants' Motion to Reconsider is fatally flawed for three reasons. First, it seeks reconsideration of this Court's August 21, 2023 Order (Doc. No. 151), which granted Universitas' Motion for Sanctions. Pursuant to Second Circuit Local Rule 27.1(g), any motion for reconsideration must be filed "within 14 days after the date of the order." Thus, Appellants' motion is untimely and should be rejected on that basis alone. Second, Appellants' argument that it had the ability to file a motion challenging subject matter jurisdiction at any time and for any reason ignores crucial other precedent that this Court has addressed. Third, Appellants fail to provide any

2

sufficient justification for their abject lack of analysis and argumentation with respect to their personal jurisdiction or ancillary jurisdiction arguments—which this Court ultimately found was independently frivolous and foreclosed on by two-decade old precedent. Thus, Universitas respectfully requests that this Court deny the motion for reconsideration and reaffirm that Appellants must pay their sanction within sixty (60) days of its August 15, 2024 Order.

## **ARGUMENT**

### I. Standard.

Generally, a motion for reconsideration is an "extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019). The standard for granting such motions is "strict," and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the Court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

### II. Appellants' Motion is Untimely and Should be Rejected.

Pursuant to Local Rule 27.1(g), "a motion for reconsideration of an order . . . must be filed within 14 days after the date of the order." Here, Appellants seek reconsideration of this Court's Order imposing sanctions on Appellants. However, this Court ordered sanctions against Appellants and their counsel on August 21,

3

2023. This Court's most recent Order only sets the exact amount of sanctions and legal costs. Thus, Appellants' Motion for Reconsideration must have been filed by September 5, 2023. Appellants provide no justification for their nearly year-long delay in seeking reconsideration of that Order. To the extent that Appellants seek reconsideration of this Court's most recent August 15, 2024 Order (Doc. No. 164), the only appropriate matter for reconsideration is the exact amount of sanctions to be paid by Appellants and their counsel, which Appellants fail to challenge. As such, Appellants' Motion for Reconsideration is untimely and must be denied.

### III. This Court did Not Fail to Follow the Applicable Law.

Even if this Court finds that Appellants' Motion for Reconsideration is timely, it should still be rejected. The brunt of Appellants' challenge to the imposition of sanctions is its continuing claim that there exists no time limit for the filing of a motion under Federal Rule of Civil Procedure 60(b)(4) to vacate an order for lack of jurisdiction. However, Appellants continue to ignore this Court's admonition that a motion under Rule 60(b) is not a "substitute" for a timely appeal. (Summary Order dated Feb. 23, 2023 at 5 (citing *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012)).) Even to this day, Appellants provide no justification or explanation for their six-year delay in challenging personal and subject matter jurisdiction in the underlying case. Nor do they point to explicit Supreme Court precedent that a motion under Rule 60(b)(4) can never be untimely under any circumstances. Thus, this Court did not

4

err in finding that Appellants could not use their motions in the underlying case challenging subject matter jurisdiction as a substitute for timely appeal.

Moreover, this argument does not meet the strict requirements for reconsideration. Appellants must point to "controlling" decisions that this Court failed to consider or overlook. Appellants point to numerous Second Circuit decisions that suggest that a motion made under Rule 60(b)(4) may *"usually . . . be made at any time."* *Gater Assets Ltd. v. Moldovagaz*, 2 F.4th 42, 53 (2d Cir. 2021). However, these decisions are not controlling, particularly in light of the unique factual circumstances of this case. Moreover, Appellants have already cited this precedent to this Court, particularly in its petition for rehearing *en banc* and in its opposition to Universitas' motion for sanctions. Thus, the arguments have already been considered and rejected by this Court and are not a basis for reconsideration. This is particularly true considering that Appellants made this very argument before the Supreme Court in seeking review on *certiorari.* However, the Supreme Court refused to grant a writ of *certiorari* (Doc. No. 162), so this Court's analysis remains the law of the case. As such, there exists no justification to reconsider this Court's August 21, 2023 Order imposing sanctions.

The same is true regarding Appellants' argument that this Court improperly reopened the appeal to consider a motion for sanctions. As Appellants even concede in their Motion for Reconsideration, the purported inadequacies of authorities relied

5

upon by Universitas . . . and the lack of factual support for Universitas's filing delay . . . are detailed in [Appellants'] July 3, 2023 Response." (Doc. No. 172 at 16.) Thus, Appellants concede that they are merely restating arguments that have already been made and rejected. In any event, Appellants' argument is flatly incorrect, as this Court retains substantial discretion in imposing sanctions and the procedures before it. *See, e.g.*, *Gallop v. Cheney*, 642 F.3d 364, 370-71 (2d Cir. 2011). The Appellants' hyperfixation on the exact mechanism of the recall of the mandate is unavailing. This Court has the ability to recall the mandate, if necessary, and found that the circumstances in this case warranted consideration of Universitas' motion for sanctions a mere two months after the mandate was issued. Thus, Appellants fail to demonstrate any justification to reconsider the imposition of sanctions.

**IV. Even if Rule 60(b)(4) Authorizes Filing at Any Time and Under Any Circumstances, the Appeal is Independently Sanctionable.**

Finally, Appellants argue that while their arguments were underdeveloped or foreclosed on by decades-old precedent, those arguments are not sanctionable. This argument is in bad faith and frivolous. The arguments presented by Appellants were so underdeveloped that they had no chance of success. Moreover, at least two arguments were foreclosed on by this Court's precedent, and both Mr. Carpenter and Grist Mill were aware of that precedent.

Appellants made service of process arguments they knew were foreclosed on by this Court's precedent. As explained in Universitas's motion for sanctions:

6

> [T]he Appellants' and their counsel's bad faith is apparent in their arguments on appeal. As this Court noted in its Decision, "Appellants' argument that service of process must have been carried out according to New York State law [was] unambiguously rejected . . . in *CSX Transportation, Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 468-70 (2d Cir. 2018). Grist Mill cited this exact case in its motion to vacate and conceded that New York procedural strictures were inapplicable in turnover proceedings under New York law in federal court.

(Doc. No. 134, Ex. A at 15.) Nevertheless, on appeal, Grist Mill reversed its position and argued against the very precedent it had acknowledged controlled before the District Court. Grist Mill and Mr. Carpenter provided no justification for their change in position. A finding of bad faith is the touchstone for the imposition of sanctions, and requires a finding that an attorney's conduct was both "without a colorable basis" and that it was "motivated by improper purposes such as harassment or delay." *Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 282 (2d Cir. 2021). There was no colorable basis to submit an argument that Grist Mill knew was foreclosed on by precedent and the inexplicable change in position suggests that the argument was made for an improper purpose. Thus, it is sanctionable.

The same is true for Appellants' arguments under Rule 58. The District Court even made clear that the arguments advanced on appeal were frivolous and that

7

Appellants were relying on dated and inapplicable law. Nevertheless, Appellants and their counsel pursued these arguments on appeal.

Appellants arguments concerning ancillary jurisdiction and personal jurisdiction were also fundamentally flawed and merited sanctions. Appeals may be deemed frivolous if they are "brought without the slightest chance of success." *United States v. Potamkin Cadillac Corp.*, 689 F.2d 379, 382 (2d Cir. 1982) (finding an appeal frivolous where it was a "continued abuse of process" which was "totally lacking in merit, framed with no relevant supporting law, conclusory in nature, and utterly unsupported by the evidence"). This includes only making "illusory assertions" of error without pointing to specific error in the record. *Id.* The personal jurisdiction argument in Appellants' Opening Brief consisted of nothing more than the recitation of a lengthy legal standard and a single line of argument—"that this [sic] Court did not have personal jurisdiction over Mr. Carpenter . . . ." It did not even analyze the applicability of the personal jurisdiction defense to Grist Mill. Appellants' ancillary jurisdiction argument similarly was nothing more than a block quote from *Peacock v. Thomas*, 516 U.S. 349 (1996), with no factual analysis and a conclusory statement that the District Court erred. Appellants' suggestions that such barebones arguments, which offered no persuasive basis for this Court to assign error, are not sanctionable strain credulity and run counter to this Court's precedent

8

regarding sanctionable appellate arguments. Thus, Appellants offer no persuasive justification to reconsider the sanctions imposed against them.

In addition to the foregoing reasons to deny the Motion for Reconsideration as to these arguments, Appellants once again have already presented all of these arguments to this Court in both the petition for rehearing *en banc* and in their Opposition to the Motion for Sanctions. They offer no new precedent and point to no binding authority or factual circumstances that this Court failed to consider. Thus, the Motion for Reconsideration also fails because Appellants cannot meet the strict standard for relief.

## **CONCLUSION**

For all the aforementioned reasons, Universitas respectfully requests that this Court deny the Appellants' and their counsels' Motion for Reconsideration.

Dated: September 9, 2024

>Respectfully submitted,
>*/s/ Joseph L. Manson III*
>Joseph L. Manson III
>LAW OFFICES OF JOSEPH L. MANSON III
>600 Cameron St,
>Alexandria, VA 22314
>Telephone: (703) 340-1693
>jmanson@jmansonlaw.com
>
>*Attorneys for Petitioner-Appellee*
>*Universitas Education, LLC*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)) and Second Circuit Local Rule 27.1(a) because this brief contains 1791 words, excluding the Certifications.

This document complies with the typeface and style requirements of Fed. R. App. P. 32(a)(5), which is made applicable to this Motion by Fed. R. App. P. 27(d)(1)(E), because this document uses a proportionally spaced typeface in size 14 font (Times New Roman) prepared using Microsoft Word.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Motion was served electronically on September 9, 2024, via the CM/ECF System to the following persons:

*/s/ Joseph L. Manson III*
Joseph L. Manson